CASE 15—EQUITY—FEBRUARY 11, 1882.

# Fuqua v. Ferrell, &c.

### APPEAL FROM BUTLER CIRCUIT COURT.

1. A suit is brought to bring a mortgage within the provisions of the act of 1856, inhibiting preferences of creditors in contemplation of insolvency. After the mortgage, but before suit, the mortgagor pays the mortgagee his debt. The payment is not attacked by any pleading. Without the necessary allegations the payment will not be considered.

2. To quote the language of a statute is not pleading, nor does it dispense with the necessity for the proper averments.

L. J. SMITH FOR APPELLANT.

The execution of the mortgage by Ferrell in contemplation of insolvency to appellee created a trust in him for the benefit of his creditors. A payment to appellees by the mortgagor enured to their benefit. (Gen. Stat., 490; Doyle v. Sleeper, 1 Dana, 533; Story v. Graham, 4 Met., 320; Thompson v. Heffner, 11 Bush, 353; Corn v. Simms, 3 Met., 397; Story's Eq., sec. 1261–1263; 3 B. Mon., 104; 13 Bush, 112; West v. Sanders, 1 Mar., 111; 3 Ib., 502; 4 J. J. Mar., 458; 7 Dana, 498.)

WAND & WAND FOR APPELLEES.

The mortgage was not made in contemplation of insolvency. Appellee knew nothing of the removal of the mortgaged property, and cannot be liable for it. Moreover, the payment by Ferrell to appellee is not attacked by any pleading. (Brewer v. Cosby, 8 Bush, 388; Blincoe v. Lee, 12 Bush, 358.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

Ferrell executed a mortgage on growing corn and tobacco to Hatcher, to secure the payment to him of $200 that had been due some time before the execution of the mortgage.

Suit was brought by appellant for the purpose of having the mortgage declared to operate as an assignment of all of the property of Ferrell to the benefit of his creditors, because of an alleged preference of Hatcher to the exclusion of other creditors.

· Before the suit was brought Ferrell paid Hatcher $174.50 in money on his debt, and shortly after its institution he paid the remainder of the $200 in corn, that was exempt from execution.

The sole question is, whether these payments were in violation of the statute, the mortgage having been made in contemplation of insolvency.

The last clause of section 4, article 2, chapter 44, General Statutes, reads: "And the court shall also compel every person who shall acquire, by purchase, assignment, or otherwise, any property or effects from such debtor, after the suit contemplated by this act shall be instituted, to surrender the same to such receiver."

Had the $174.50 been paid after, instead of before, the suit was instituted, there would be no question but the payment would have been within the inhibition of the statute.

The act of paying the $200 is not attacked by the pleadings. They relate to the act of mortgaging the corn and tobacco, and although the mortgage of the tobacco was in violation of the statute, it does not follow that the payment of the $200 was made with the same purpose and motive, and also in violation of the act.

In order to bring a sale, purchase, payment, assignment, or other acquisition from the debtor of his property or effects by a creditor, or any other person, before the institution of suit, within the interdiction of the statute, the same allegations and proof must be made with reference to such purchase, payment, &c., as if suit were originally brought to declare them, or either of them, to have been made in violation of the act.

For it may be that the payment was not made either in contemplation of insolvency or with any design to prefer the payee to the exclusion of other creditors.

The clause quoted from the statute does not dispense with allegation or proof of the necessary facts to make out a cause of action under the statute, unless the acquisition of the property or effects from the debtor was made after the suit shall have been instituted.

With reference to all such acquisitions, after suit shall be brought, whether made by creditor or innocent purchaser, it is only necessary to show the act of acquiring the property or effects from the debtor, in order to give the court power to compel the surrender of such property to a receiver.

The corn was exempt from execution, and its sale was not, therefore, within the statute. (Leshy, &c., v. Perry, &c., 6 Bush, 516.)

Judgment affirmed.