ELI KINNEY *v.* R. H. HAYMAN, TRUSTEE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—983.]

**Priority of Claims.**

> When upon appeal to this court it was decided that certain conveyances were made to defraud creditors and in contemplation of insolvency, and hence were to be treated as assignments for the benefit of creditors, but did not determine whether the claim of an innocent purchaser who had paid for land had a preference over other claims, such a purchaser is entitled to be heard before the assets of such insolvent person are distributed to creditors.

**Petition by Creditor for Preference.**

> Where a conveyance is made in contemplation of insolvency and to prefer a creditor, and the conveyance held to be an assignment for the benefit of all the creditors, a petition for preference is good filed by a purchaser at such sale, showing that he had purchased the real estate for many thousands of dollars, in good faith without any notice or knowledge of insolvency, or that an act of insolvency had been committed, and paid the full purchase-price before the assignment was made or suit instituted; and if the proof sustains such plea he is entitled to a preference as a creditor, not having been permitted to hold the land.

APPEAL FROM CAMPBELL CIRCUIT COURT.

May 3, 1883.

OPINION BY JUDGE PRYOR:

This action has been heretofore in this court on the appeal of the creditors of the Caldwell brothers from a judgment determining that certain conveyances made to Kinney and others were made in contemplation of insolvency, with a design to prefer creditors. The judgment directed a sale of the property for the benefit of creditors and provided that orders for distribution would be made on the coming in of the commissioner's report. On the appeal to this court

it was decided that the mortgage to Mary Caldwell, dated the 9th of May, 1866, was made in contemplation of insolvency, and brought the case within the Act of 1856 (I Acts 1855-6, ch. 704), and it was further said that it was equally as clear that some of the conveyances to Kinney were made for the same purpose. It was, however, adjudged that the sales made to Kinney on the 1st of May, 1866, were not within the Act of 1856, and as to the property sought to be sold by reason of these transactions the judgment was reversed. The court further held that all the sales and conveyances made by the debtors on the 9th of May, 1866, and subsequent thereto, enured to the benefit of the creditors and that the property should be sold for that purpose.

This court also, by an argument on the facts as presented, attempted to show that the sales of the Newport lots to Kinney were within the statute. The act of insolvency by reason of the mortgage to Mary Caldwell on the 9th of May, 1866, operated to transfer the estate of the debtors to their creditors; but the effect of sales of property by the debtors, made to innocent purchasers without any notice of the act of insolvency and not in satisfaction of debts before any suit brought or claim made by any creditor, was left undisposed of by the judgment of this court. Counsel for Kinney, foreseeing the effect that the opinion of the court might have on the court below, or that portion of it in which the claim of Kinney was discussed, asked for a modification of the opinion that the question as to the claim of Kinney by reason of his being an innocent purchaser might be raised in the court below when the funds came to be distributed. The court modified the opinion by adding that "the question touching the distribution of the assets now in the hands of the circuit court, not having been passed on by that tribunal, can not be considered by this court." This, therefore, left the question open and was a modification of the opinion at the instance of counsel for Kinney, and the question of distribution by reason of the act of insolvency committed on the 9th of May, 1866, was not before the court for decision; and if it was, the modification made enabled the creditor, Kinney, to be heard on the return of the cause of his claim for priority, when the distribution was required to be made. The lots were sold and purchased again by Kinney, the latter executing his notes for the purchase-money, and being required by rule to bring the money into court when his notes matured responded that

8

he had purchased the lots for $15,000, and made the purchase in good faith and without any notice that an act of insolvency had been committed; and that the money was paid simultaneously with the purchase by placing to the credit of the Caldwells the amount of $15,000 on the books of the bank of Kinney & Co., and that it was checked out and paid by them to their creditors before the assignment was made or suit instituted, except about $800, and that had been paid to the assignee since the assignment.

The court held that the question was res adjudicata and determined the response insufficient. Although this court gave an opinion by way of argument in regard to this claim of Kinney's, the question of priority was not before the court; and according to the views expressed in the opinion the entire estate passed at any rate to creditors by reason of the mortgage of the 9th of May, 1866. But whether so or not, the question was saved for Kinney by the modification of the opinion already referred to. We are considering the sufficiency of the response alone, and whether the proof when fully heard will sustain it is a question for the court below. If the facts stated in the response are true it presents strong grounds for giving to Kinney the relief sought, that is, priority over other creditors in the distribution of the purchase-money from the sale of the lots originally purchased by him. In Southworth v. Casey, 78 Ky. 395, this court held where the debtor, after the act of insolvency, had sold fifty acres of land to a purchaser innocent of the act of insolvency, for cash and not in payment of a debt, the purchaser would hold the property itself, the conveyance having been made before suit brought at the instance of creditors. In the case of Fuqua v Ferrell, 80 Ky. 69, 3 Ky. L. 571, this court held the same doctrine; so it follows that if Kinney was an innocent purchaser his response was good, and the court erred in not permitting him to sustain it by proof if he could do so. The court might have required him to pay the money into court that it might be distributed, but upon the question raised by the response the court has adjudged that the question has already been determined, and he is therefore precluded by the judgment appealed from to assert any priority. He should be allowed to do so, and if the facts exist as alleged the proceeds of the lots should be paid to him in preference to other creditors to the extent of his claim.

The objection made to the judgment for uncertainty comes too

late. The sale has been confirmed and the appellant or his vendees are in possession, and after the lapse of eight or ten years the objection is unavailing. It is only a question of identity, that is, as to what land was sold, and the purchaser being in possession must know where his land is, and there is no question but it is the same ground purchased by him of the Caldwells. There is nothing in the errors assigned prejudicial to appellant except the question as to the sufficiency of the response. The judgment is therefore *reversed* in this particular, that the questions of fact raised by the judgment may be heard and determined, and the cause is remanded for that purpose.

*J. R. Hallam, William Lindsey, for appellant.*

*F. M. Webster, James O'Hara, for appellees.*