## City of Paducah v. Sun Publishing Company.

(Decided November 26, 1918.)

### Appeal from McCracken Circuit Court.

1.   Newspapers—Compensation for Publication.—The auditor of a city of the second class is without authority under Kentucky Statutes, section 3187, to cause to be published in the city's official newspaper, or the newspaper to publish, a list of unpaid realty tax bills due the city, without including in such publication the notice required by that statute that the treasurer would, on the first Monday in the next month, sell at the court house or city building door, at public auction, to the highest bidder for cash

each of such realty tax bills, unless in the meantime paid to the treasurer.

2. Newspapers—Compensation for Publication—Notice.—Where in an action by the newspaper to recover of the city for publishing the list of unpaid realty tax bills, the petition failed to allege the publication of the notice as to their sale by the treasurer, if not in the meantime paid, such omission rendered the petition fatally defective and the overruling by the circuit court of a general demurrer to it was error.

3. Pleading—Exhibits.—The account sued on and filed as an exhibit, which makes no showing of the publication of the notice, did not aid the petition. An exhibit may aid defective allegations of the petition, but it cannot supply the omission of an allegation necessary to the statement of a cause of action.

JOHN K. HENDRICK for appellant.

MOCQUOT & BERRY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Granting appeal and reversing judgment.

In this action, brought by the appellee, Sun Publishing Co., in the circuit court of McCracken county, it recovered of the appellant, city of Paducah, $255.00, alleged to be owing it upon account by the latter for the publication in its daily newspaper of certain tax lists. The appellant entered its appearance to the action and filed a general demurrer to the petition, which the circuit court overruled. The refusal of appellant to plead further resulted in the judgment complained of by the latter; hence this appeal, which, as the amount in controversy exceeds $200.00, and is less than $500.00, is prayed in the Court of Appeals as provided by Kentucky Statutes, section 950, and rule 20 of the court.

The controversy between the parties in this case seems to have arisen as to the sufficiency of the publication of certain tax lists made by appellee as the official newspaper of the appellant city, i. e., whether such lists were published by the former in the manner or for such time as required by Kentucky Statutes, section 3187. The account sued on, which is filed with the petition as the basis of the action, is the only exhibit intended to show the nature of appellant's alleged indebtedness to appellee, and whether it, together with the averments of the petition, shows such an indebtedness as appellants is permitted by the statute to incur, is the question raised

by the demurrer to the petition. Section 3187 is as follows:

"When the treasurer shall return the tax bills to the auditor, the auditor shall separate the personalty bills from the realty bills. The former he shall deliver to the delinquent tax collector, taking his receipt for the same. From the latter he shall make out a list, giving block and lot numbers and total tax due, and a notice that the treasurer will, on the first Monday in the next month, sell at the court house or city building door in the city, at public auction, to the highest bidder for cash, each of said tax bills, unless they are in the meantime paid to the treasurer. This list and notice shall be published for at least two weeks in the city's official paper. The auditor will then return the realty bills to the treasurer who will, on said day, offer for sale, as. advertised, such bills as may remain in his hands unpaid. If no one will offer the face of said bills for them, he shall buy them in for the city. The owner or owners of any lot, the tax bill on which has been sold, shall have the privilege of redeeming the same within one year of the day of sale by paying to the treasurer the said bills, with all penalties and interest as herein provided to the day of payment. Purchasers at said sale shall not receive the tax bills, but shall receive certificates of their purchase, on surrender of which certificate, at any time after the treasurer has been paid the bill named in the certificate, he shall receive from the treasurer the amount paid, and on surrender at the end of the year shall receive the bill with the year's interest at six per centum per annum, and ten per centum of the sum of the bill, penalty and interest all added by the treasurer; and he may at any time thereafter, in appropriate action, enforce the lien on the property for the full amount of the bill, with legal interest from date of delivery to him. The treasurer shall make a full and complete report of said sale to the auditor. The city shall in no manner be responsible to purchasers for money received by the treasurer on bills purchased by them, but the treasurer and his official bond shall be held for the same."

It will be observed that the statute requires the auditor, following the return to him of the tax bills by the treasurer, to separate the personalty bills from the realty bills and deliver the personalty bills to the delinquent

tax collector; but that from the realty bills he shall make out a list, giving the block and lot numbers and total amount of the tax due, together with a notice that the treasurer will, on the first Monday in the next month, sell at public auction, at the court house or city building door, to the highest bidder, for cash, each of the realty tax bills, unless they are in the meantime paid to the treasurer. The statute further declares that: "This list and notice shall be published for at least two weeks in the city's official newspaper." Obviously, the publication of the notice referred to is just as much required as is the list of realty tax bills. Indeed, the publication of both is imperatively commanded by the statute. The reason for the publication of the notice of the sale of the realty tax bills is patent. Of what value would the publication of the list of realty tax bills, or description of the property liable for them, be to the persons owning them or the public in the absence of publication of the notice advising the persons indebted of the limit of time allowed them for preventing the sale of the tax bills by their payment, and the public of the time and place they would be given an opportunity to buy them? Clearly, the provisions of the statute, as to the publication both of the list and notice is mandatory.

It is not alleged in the petition that the notice in question was published by appellee, and the absence of this necessary averment makes the petition fatally defective. Its absence is not cured by the copying of the statute in the petition. On the contrary the setting forth of the language of the statute but gives emphasis to the absence of an allegation showing on the part of appellee and appellant compliance with its terms. As said in Fuqua v. Ferrell, 80 Ky. 69: "To quote the language of the statute is not pleading, nor does it dispense with the necessity for proper averments."

If appellant required or permittted appellee to publish the list of realty tax bills in arrears, unaccompanied by the notice of their sale to be subsequently made by the treasurer in the event of their non-payment before the date of such sale, its act in so doing was *ultra vires* and imposed upon it no liability for the publication actually made by appellee; for the latter. as well as appellant, must be regarded as having the knowledge that the act violated the mandatory provisions of the statute.

Instead of in any manner supplying the absence from the petition of the allegation referred to, the account filed therewith as the basis of the action makes clear the defective character of the pleading. The account is stated as follows:

"Paducah, Ky., Sept. 1, 1918.

"City of Paducah, Dr. to Sun Publishing Company, Incorporated.

| "April 22. | 510 lines @ 6c | $30 00 |
| "April 23. | 510 lines, 11 times, 5610 @ 4c | 224 40 |

$255 00"

It will be seen that the items of the account contain no reference to the publication of a list of realty tax bills or to a notice of the sale to be made of them. The account does not in fact indicate the character of the "lines" published.

The petition alleges the publication of tax lists, the exhibit, the publication of certain lines. The exhibit explains nothing and does not aid the petition, and neither says anything about the publication of the notice of sale required by the statute. The exhibit certainly does not supply the omission of the averment by which the publication of the notice, if made, might and should have been shown by the petition. The defective allegations of a petition may be aided by an exhibit, but the exhibit cannot supply the omission of an allegation necessary to state a cause of action. Civil Code, section 120; Newman's Pleading and Practice, section 204a; Bank of Anderson v. Forster, 146 Ky. 179; Indiana Quarries Company v. Sims, 158 Ky. 416. The petition does not state a cause of action, and the demurrer filed to it by appellant should have been sustained.

For the reasons indicated the appeal prayed is granted and the judgment reversed for further proceedings in the circuit court consistent with this opinion.