CASE 78.—ACTION BY THE GERMAN BANK OF THE CITY OF
LOUISVILLE AGAINST J. C. KIRCHDORFER, W. H.
FRITTS AND OTHERS.—February 9, 1910.

## Fritts v. Kirchdorfer

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

SAMUEL B. KIRBY, Judge.

From a judgment for cross-petition, Kirchdorfer against Fritts, the latter appeals.—Affirmed.

1. Trial—Dockets—Transfer to Law Docket—Time of Motion.—
In an action on a note against two sureties, in which one against whom judgment was recovered, after satisfying it, filed an answer and cross-petition against the other surety for contribution, it was not error to overrule a motion, made by the latter before filing his answer to the creditor's petition and before the filing of the cross-petition, to transfer the case to the law docket; Civil Code Prac. sec. 10, requiring such motion to be made when defendant answers.

2. Appeal and Error—Questions Considered—Questions Arising in Particular Action—Appeal in Cross-action.—On an appeal by a surety from the judgment against him upon the cross-petition of his co-surety for contribution after judgment was rendered against the latter in favor of the creditor and satisfied, any ruling made upon questions arising in the original action by the creditor cannot be considered.

3. Principal and Surety—Suits for Contribution—Equitable Jurisdiction.—Since the statute permits a suit at law between sureties for contribution without excluding the jurisdiction of equity, and Civil Code Prac. sec. 661, permits a surety to maintain an equitable action against a co-surety for contribution, a co-surety may sue for contribution in equity as well as at law.

4. Judgment—Res Judicata—Persons Concluded—Co-surety—Action by Creditor.—In an action against two sureties on a note, in which one surety against whom judgment went for

the whole amount, after satisfying it, filed a cross-petition against his co-surety for contribution, the judgment overruling the demurrer of the cross-defendant to the creditor's petition on the ground of want of presentment and demand, and of protest for nonpayment and notice, and because of an alleged agreement by the creditor extending the time of payment after maturity, precluded the cross-defendant from setting up those defenses in the suit for contribution.

5. Principal and Surety—Discharge of Surety—Necessity of Presentment and Demand.—A surety on a note executed since the enactment of the negotiable instruments law is primarily liable thereon, and hence presentment, demand, protest for nonpayment, and notice thereof are not necessary as to him.

6. Pleading—Cross-petition—Against Third Person.—In an action on a note against two sureties, in which one surety, against whom judgment went, after satisfying it, filed a cross-petition against his co-surety for contribution, the cross-defendant's answer to the cross-petition could not be made a cross-petition against another so as to set up an agreement by the latter to assume cross-defendant's liability upon the note; such agreement not affecting the original cause of action, Civil Code Prac. sec. 96, sub-sec. 3, not allowing a cross-petition to a defendant except upon a cause of action which affects or is affected by the original action, and sec. 111 providing that no pleading except an answer to the original petition, or plaintiff's reply to such answer, shall be made a cross-petition.

7. Appeal and Error—Harmless Error—Action for Contribution —Pleading—Cross-petition.—Since under Civil Code Prac. sec. 444, judgment may be had on motion by a surety against his co-surety for money paid, and by section 449 the motion may be determined upon or without written pleadings, a proceeding by cross-petition against a co-surety for contribution after judgment went against cross-petitioner for the creditor, if improper, was at most a mere irregularity.

8. Pleading—Objections—Waiver.—Where a cross-defendant, on a cross-petition by his co-surety for contribution, consented that the answer and cross-petition against him be filed for record after a motion to strike the pleading was entered, he thereby waived any irregularity in proceeding by cross-petition for contribution.

HUSTON QUINN and CHAS. A. WICKLIFFE for appellant.

BARNETT & BARNETT for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

On March 19, 1908, the German Bank of the City of Louisville brought suit in the court below against the Kirchdorfer Automobile Company, J. C. Kirchdorfer, W. H. Fritts, and H. T. Gratz, upon two promissory notes—the first being for $1,150, bearing date August 21, 1907, due 30 days thereafter and credited by interest paid to January 23, 1908; the second for $550, of date September 13, 1907, and due in 30 days, with the following credits indorsed thereon: Interest paid to January 23, 1908: $100 paid October 26, 1907; $100, December 23, 1907; $100, February 8, 1908. The Kirchdorfer Automobile Company was the principal and J. C. Kirchdorfer, W. H. Fritts, and H. T. Gratz sureties, in each of the notes. The notes were payable to J. C. Kirchdorfer or order, negotiable and payable in the German Bank, and were, following their indorsement by Kirchdorfer and before maturity, discounted by the bank and the proceeds placed to the credit of the Kirchdorfer Automobile Company on the books thereof. The parties to the notes owned stock in the Kirchdorfer Automobile Company, J. C. Kirchdorfer was the president, and Fritts and Gratz also officers thereof.

At the appearance term of the court, J. C. Kirchdorfer filed a demurrer to the petition which was overruled. He then filed an answer to which the German Bank interposed a demurrer, and this demurrer the court sustained. Fritts before answering moved a transfer of the case to one of the divisions of the common pleas branch of the Jefferson circuit court. The motion was overruled and an exception reserved. Fritts thereafter filed an answer to the

petition, in which, as later amended, he pleaded: (1) His suretyship on the notes; (2) that neither presentment nor demand of payment was made of him by the bank when the notes, or either of them, matured, nor was there any protest of either on account of nonpayment, or notice of such protest given him; (3) that upon, or following, the maturity of the notes, the German Bank, by agreement with J. C. Kirchdorfer, based upon a valuable consideration, viz., the payment by the latter of interest upon the notes in advance and his undertaking to make other payments which followed later, extended the time of their payment; all which was, as alleged, without notice to him (Fritts) and without his consent, and that by reason of the foregoing acts of the bank, he had been and was released from all liability upon the notes. The court sustained a demurrer to Fritts' answer as amended, to which an exception was taken. In the meantime, on motion of the German Bank, the case had been submitted as to the Kirchdorfer Automobile Company and J. C. Kirchdorfer, and judgment rendered against them for the amounts, respectively, claimed to be due on the notes. Fritts made a motion to set aside this judgment, which motion was overruled, and to this ruling he excepted. A forthwith execution which was issued upon the judgment, J. C. Kirchdorfer replevied, and later paid the replevin bond in full. After executing the replevin bond, J. C. Kirchdorfer filed in the action brought by the German Bank, which was still pending as to Fritts and Gratz, against whom judgment had not gone, a pleading entitled an amended answer and cross-petition, making Fritts a defendant, and in which was, in substance, set up the rendition of the judgment against the Kirchdorfer Automobile Com-

pany and J. C. Kirchdorfer, the insolvency of the company, and the satisfaction of the judgment by J. C. Kirchdorfer; also the insolvency of H. T. Gratz, and that W. H. Fritts, as co-surety with J. C. Kirchdorfer upon the notes merged in the judgment and equally liable with him thereon, should be made to contribute to the loss sustained by Kirchdorfer in being compelled to satisfy the judgment in favor of the German Bank which it was alleged amounted to $1,378.46, for one-half of which, with interest and costs, judgment was prayed against Fritts. Fritts filed an answer thereto, containing the same matters of defense set up in his answer to the petition of the German Bank, and, in addition, that he had sold and on the books of the Kirchdorfer Automobile Company transferred, to Dr. J. H. Ward, his stock in that company, in consideration of which sale and transfer Ward agreed and undertook to assume and pay whatever liability he (Fritts) had incurred and was owing as a stockholder in or surety for the Kirchdorfer Automobile Company, including the two notes held by the German Bank, and that by reason of the sale of his stock to Ward and the assumption by the latter of his indebtedness he was released from liability upon the notes in question, and they would have been paid by Ward, but for the alleged laches and wrongful act of the bank in extending the time for their payment, under the alleged agreement with J. C. Kirchdorfer. The answer of Fritts was made a cross-petition against J. H. Ward.

By sustaining a demurrer to parts of Fritts' answer and cross-petition and a motion to strike out other parts thereof, both interposed by Kirchdorfer, practically all the matters of defense contained therein,

except the averments as to the alleged act of the
German Bank in improperly extending the time for
the payment of the notes, were eliminated by the
chancellor, and these averments were traversed by
the reply of J. C. Kirchdorfer. J. H. Ward offered
to file an answer to the cross-petition of Fritts, but
the court refused to permit it to be filed. Upon the
issue made by the pleadings, Kirchdorfer and Fritts
took proof by deposition, and following the submis-
sion of the case judgment was rendered by the cir-
cuit court against Fritts and in Kirchdorfer's favor
for one-half the amount paid by the latter in satisfac-
tion of the German Bank's judgment, viz., $699.33,
with interest from October 1, 1908, until paid, and
costs, and giving the latter the right to enforce its
payment by execution or rule. From that judgment
and a subsequent ruling of the court refusing to set
it aside, this appeal is prosecuted.

Numerous grounds are urged by the appellant
Fritts for a reversal. His first contention is that the
trial court erred in overruling his motion to transfer
the action to the law docket, which, it is claimed would
have carried it to one of the divisions of the com-
mon pleas branch of the Jefferson circuit court, and
entitled appellant to a jury trial if demanded. It is
needless to consider this objection, as is comes too
late. The motion to transfer was not made after
the filing of appellee Kirchdorfer's answer and cross-
petition, but was directed solely to the transfer of
the original action as brought by the German Bank,
and was entered before appellant filed his answer to
the bank's petition. Section 10, Civ. Code Prac., re-
quired that the motion be made when appellant filed
his answer to the petition. No ruling made by the
circuit court upon any issue or question as between

the German Bank and appellant is involved or can be considered on this appeal. The only judgment appealed from is that found on page 38 of the record, which dealt with no question that arose between the German Bank and the appellant Fritts, but exclusively with such as arose between the latter and the appellee J. C. Kirchdorfer. If, however, the motion to transfer had been made after the filing of appellee's answer and cross-petition, it should have been overruled. A suit for contribution by sureties against their principal and against each other was, by the ancient law, of exclusively equitable cognizance; but the statute having given a remedy at law, without excluding the jurisdiction in equity, the jurisdiction has become concurrent, and the plaintiff may sue at law or in equity. Newman on Pleading & Practice, Sec. 94. Besides, section 661, Civ. Code Prac., allows the surety to proceed by an equitable action against his principal or co-surety in such a state of case.

With equal propriety we might also say that two other grounds of defense set up in appellant's answer to appellee's cross-petition, viz., the alleged want of presentment and demand by the bank of the payment of the notes at maturity and of protest and notice thereof for nonpayment, and the alleged agreement whereby the bank, after their maturity, extended the time for their payment, could not be relied on as against appellee's claim because determined adversely to appellant by the court below in sustaining the demurrer to his answer to the bank's petition. If these defenses could not be made against the notes in the hands of the German Bank, they could not, it would seem, be relied on to defeat appellee's claim for contribution; so, as to these two grounds of defense, appellant is, we think, concluded by that

judgment, whether erroneous or otherwise, which, as previously stated, is not before us for review on this appeal.

However, as to the alleged failure of the bank to demand of appellant payment of the notes at maturity, and failure to   protect them for nonpayment, it may be said that, as surety upon the notes held by the bank, appellant was primarily liable to the holder, and neither presentment, demand, protest, nor notice of protest was required as to him or his co-obligors. The notes in question were executed since the enactment by the Legislature  of the present negotiable instruments law, which excludes such a defense on the part of a surety.

As to the alleged extension of time, claimed to have been granted by the German Bank, it may be observed that no such agreement was proved.  The testimony of appellant failed to establish it, and that of appellee wholly disproved it.

The final defense of appellant, which rests upon an alleged contract whereby Ward took his place as a stockholder in the Kirchdorfer Automobile Company and assumed his liability upon the indebtedness of the company is not available as against the claim of appellee for contribution.

Appellant's answer   to   appellee's cross-petition could not be made a cross-petition against Ward, because his transaction with Ward did not affect, and was not affected by, the original cause of action, viz., the German Bank's right to recover upon the notes. Section 96, subsec. 3, Civ. Code Prac.   Moreover, section 111, Civ. Code Prac., provides: "No pleading except an answer to an original petition, or the plaintiff's reply to such answer, shall be made a cross-petition." If appellant has a cause of action against

Ward or appellee, or Ward a cause of action against appellee growing out of the alleged transaction between appellant and Ward, it may yet be litigated by the parties concerned in another action.

It is insisted for appellant that the circuit court erred in permitting appellee's answer and cross-petition to be filed after judgment had gone against him in favor of the German Bank for the amount of the notes sued on.   In response to this contention it is sufficient to say that appellee might have proceeded against appellant upon his claim for contribution by a mere motion for judgment, after notice, as allowed a surety by section 444, Civ. Code Prac.   If he had proceeded in that way, no written pleadings would have been required.   Section 449, Civ. Code Prac.   So, at most, the proceeding by a cross-petition, if it could be said to be improper at all, was a mere irregularity.   In any event, appellant cannot now complain of it, as it appears from the record (page 25) that he consented that the answer and cross-petition of appellee, which had been filed in the clerk's office be filed for record; such consent having been given after his motion to strike the pleading from the files was entered.   This, we think, was a waiver of the motion and of any irregularity in the form of the pleading.

The record disclosing no substantial reason for disturbing the judgment, the same is hereby affirmed.