## Madisonville, Hartford & Eastern R. R. Co. v. Thomas.

### (Decided October 6, 1910.)

### Appeal from Ohio Circuit Court.

1. Instructions—Duty of Court—Whole Law of the Case.—It is not the duty of the court in a civil action to give the jury the whole law of the case. It is the duty of the litigant to ask such instructions as he wishes, and if those given by the court do not cover the point the litigant desires, he should ask an instruction on such point.

2. Embankment—Construction by Railroad—Damage to Crops by Water—Recovery.—In an action against a railroad company for damages to one's crop by overflow of water by reason of an embankment constructed by the company, the court properly told the jury that it was incumbent on the defendant to so construct it as to furnish a reasonable exit for the water from such floods and rainfalls as might reasonably be expected to occur at any season of the year, as it was a permanent structure and its failure to so construct it was a negligent construction.

GLENN & SIMMERMAN, BENJAMIN D. WARFIELD, and CHAS. H. MOORMAN for appellant.

HEAVRIN & WOODWARD for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming

Appellant's line of railroad runs through the farm of J. W. Thomas on a fill. He brought this action against it to recover damages on account of the flooding of his land from the construction of the embankment without sufficient outlet being provided for the escape of the water, by reason of which it was backed up on his land and destroyed much of his crop of corn and tobacco. On a trial of the case he recovered a verdict and judgment for $250.00, and the railway company appeals.

The case is practically the same as Madisonville, &c. R. R. Co. v. Renfro, 127 S. W. 508, as Thomas' land is adjacent to Renfro's and similarly situated, the crops being destroyed at the same time and by the same flood. The petitions in the two cases are similar, the testimony of the witnesses about the same, and the instructions of the court in this case are identical with those given in the Renfro case. In the Renfro case we held the instructions correct, and to this conclusion we adhere. It is insisted that the court erred in not telling the jury that in so far as the loss would have occurred if there had been no embankment, or no defect in it, they should find nothing for the plaintiff. But this was the necessary effect of the instructions which the court gave. The first instruction told the jury that they should find for the plaintiff the damages he had sustained as the direct and proximate result of the backing up of the water on his land by reason of the negligent construction of the embankment. Under the instruction the jury could not find for the plaintiff any damages that were not due to this cause. The court, also, by another instruction, told the jury that if the plaintiff's loss was not due to this cause

they should find for the defendant. We cannot see how the jury could have misunderstood the instructions. Aside from this, it is not the duty of the court in a civil action to give the jury the whole law of the case. It is the duty of the litigant to ask such instructions as he wishes, and if the instructions given by the circuit judge do not cover the point which the litigant desires to have covered he should ask an instruction on that point. Appellant asked no instruction at the trial on the line indicated. The instruction which the court gave was modeled after the instruction which the defendant asked. The court did not err in refusing to instruct the jury peremptorily to find for the defendant. There was evidence tending to show that the plaintiff's crops were lost by reason of the fact that the water was backed up by the embankment; and if there is any evidence the question is for the jury. It is said that the court should have defined to the jury what is a negligent construction of an embankment. The court did in effect so inform the jury by telling them that the defendant was liable if the embankment was so constructed and maintained by the defendant as to be inadequate to carry off the water accumulating on the land from the usual and ordinary rainfalls and floods in the vicinity. As pointed out in the Renfro case, the instruction is more favorable to the defendant than it should have been in that its application was limited to such floods as might reasonably be anticipated at that time of the year. It was incumbent on the defendant to so construct its embankment as to furnish a reasonable exit for the water from such floods and rainfalls as might be reasonably anticipated to occur at any season of the year, as it was a permanent structure. Its failure to so construct it was a negligent construction.

It is also complained that the court erred in limiting the number of witnesses to four on any one point, but this is not assigned among the grounds for a new trial and cannot be noticed here. The court has a wide discretion in such matters, and we will not interfere with it unless palpably abused. Appellant introduced several farmers who live on the same stream and who were acquainted with rises in the stream; offered to prove by them that in their opinion, Thomas' crops would have been destroyed if there had been no embankment there. The court refused to allow the witnesses to give their opinions on the subject, and of this the defendant complains.

The ruling of the court appears to have been based 'on the idea that the witnesses were not acquainted with the flow of the water at Thomas' place, or sufficiently posted as to the facts of the local situation to make their opinion. competent. The witnesses stated all the facts they knew, and when these facts were shown, the jury were as qualified to judge as to what was the cause of Thomas' crop being destroyed as any of the witnesses whom the court did not permit to give their opinion on the subject. All the facts were proved before the jury and on the whole case we find no substantial error to, the prejudice of the defendant.

Judgment affirmed.