## Howard, et al. v. Jones, et al.

(Decided March 1, 1912.)

### Appeal from Magoffin Circuit Court.

1. Answer and Cross Petition—Right to Dismiss.—Though an answer is in caption styled an answer, counterclaim and cross petition, still if it states no facts to sustain a judgment against the plaintiff, he may dismiss his action without prejudice and the counterclaim cannot be then amended.

2. A cross petition against a person not a party to the suit, can only be maintained by leave of the court, and the court may refuse to allow it when the action is dismissed without prejudice.

R. H. COOPER, M. F. PATRICK, A. ARNETT and W. R. PRATER for appellants.

R. A. CHILES and HAZELRIGG & HAZELRIGG for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

John M. Jones brought this suit against G. H. Howard and others to recover on a promissory note which he alleged they had executed to Bauhard Brothers for $800, the note having been assigned by Bauhard Brothers to T. J. McChesney, and by McChesney to Jones. The defendant filed an answer which was designated in the caption "answer, counterclaim and cross-petition." By this answer they pleaded in substance that McChesney was not a holder of the note for value; that they signed the note with the understanding that three other persons were to sign it before it was delivered; that these persons did not sign it; that Bauhard Brothers got possession of the note by some trick; and that it was not at any time delivered to them. They also alleged that the note was for a part of the purchase money of a horse bought by them from Bauhard Brothers; that the horse was not as represented; that they had had to keep the horse and had been damaged in the sum of $500; that a fraud was practiced upon

them in the trade, and they asked that the horse trade be rescinded. They made the answer a cross-petition against Bauhard Brothers, alleging that they were non-residents of the State. The pleading concluded with a prayer that the plaintiffs' petition be dismissed; that the contract of sale be rescinded; that they have judgment for the sum of $500, also a lien on the horse and that this lien be enforced. The plaintiff filed a demurrer to the answer which was overruled. He then filed a reply to which the defendants filed a rejoinder. He thereafter dismissed his action without prejudice. After the action had been dismissed the defendants tendered an amended answer and counterclaim. The court refused to allow it to be filed. They then offered to file an affidavit for an attachment. The court refused to allow this filed, and made an order that the case be filed away. From this order the defendants appeal.

Section 372 of the Civil Code provides:

"A defendant is entitled to a trial of a set-off or counterclaim, although the plaintiff dismiss his action or fail to appear."

It is insisted for the appellants that they were entitled to a trial of their counterclaim although Jones dismissed his action without prejudice. There would be force in this if the answer stated a counterclaim against Jones. But the matter set out in the answer only constituted so far as Jones was concerned a defense to the note. Jones had nothing to do with the sale of the horse, and on the facts stated in the answer was in no wise liable to the defendants. If anybody was liable to them it was Bauhard Brothers who had sold them the horse. The pleading not setting up a claim against Jones, the circuit court did not err so far as he was concerned in holding the action at an end when he dismissed his action without prejudice.

As to the cross-petition against Bauhard Brothers, the record does not show that they had been made parties to the action by any order of court or that any process had been awarded or had issued against them. They were not parties to the action as originally brought. In Bullit v. Eastern Ky. Land Co., 25 R., 1954, we said:

"A cross-petition is the commencement of an action by a defendant against a co-defendant or a person not a party to the suit, and it can only be instituted by

leave of the court. Whether it should be allowed is a matter of discretion in the court.''

In dismissing the action and refusing to allow the cross-petition to be prosecuted in the case, the circuit judge in effect exercised the discretion which he had, and we do not see that he abused his discretion. When the action had been dismissed he properly refused to allow the amended pleading to be filed or an attachment to be then taken out. The matter set out in the cross-petition or in the amended pleading which was tendered, is in no wise affected by the dismissal of this case. The action was dismissed without prejudice; the necessary effect of this was to leave both the plaintiff and the defendants where they were before the suit was brought.

Judgment affirmed.