## Kentucky Growers' Insurance Co. v. Logan, et al.

(Decided September 25, 1912.)

### Appeal from Lincoln Circuit Court.

1. Insurance, Fire—Representation by Agent—When Binding Upon Company—Parol Agreement.—The general rule is that such an assurance on the part of the agent as the agent gave here that the assured could take out additional insurance, is binding upon the company in the assured's ignorance of any limitation of the agent's powers; and such agreement, or consent of the agent, or the bringing home of knowledge to the agent, may be done in parol, and need not be in writing.

2. Insurance, Fire—Rights and Liabilities of Member of Mutual Company.—Although it was a mutual company, the insured occupied an entirely distinct and independent relation to it. There is no reason why the parol contract, through its agent, should not be as valid and binding as in the case of a stock company.

J. W. ALCORN, K. S. ALCORN for appellant.

GEORGE D. FLORENCE, P. M. McROBERTS for appellees.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

In August, 1908, appellant company issued to H. H. Logan, an appellee, a $2,000 fire and tornado policy on his boarding-house. Later, Logan obtained $1.200 additional insurance in another company. The building burned. Appellant defended Logan's suit on its policy, saying that it had no knowledge of, and had given no consent for, the additional insurance; and that its own policy by its terms was therefore void. The testimony developed that when Logan made his application and afterward, Middleton, appellant's agent, told him that

he could take out additional insurance, and that when the alterations and repairs then being made on the building were complete he would need and should take more insurance. The general rule is that such an assurance, consent or representation by the agent who solicits the insurance, takes the application, receives the premium, and delivers the policy, as did Middleton, is binding upon his company, in the assured's ignorance of any limitation of the agent's powers; and that such an assurance, agreement or consent by the agent, or the bringing home of knowledge to the agent, may be done in parol, and need not be in writing. Phoenix Insurance Co. v. Spiers & Thomas, 87 Ky., 285, and many other cases.

Appellant says, however, that this rule does not apply to it, because it was purely a mutual company, under sections 702 et seq. of the Kentucky Statutes; that by insuring in, Logan became a member of it; that being a member of it, he was bound to know the limitation upon Middleton's powers, and was bound by the provision of the company's by-laws that any agreement waiving any condition of the policy should be endorsed upon the policy in writing. There is respectable authority to this effect; but it was not so held in the case of Rogers v. Mutual Aid Association, 106 Ky., 371, an action between a "member" of a mutual company, and the company, where the doctrine of Phoenix Ins. Co. v. Spiers & Thomas, supra, was expressly applied. While the insured was a member of the company, he at the same time occupied another entirely distinct and independent relation to it. His rights and liabilities as a member are to be ascertained from the by-laws of the company and the statutes controlling it. His rights as a policyholder are to be determined by his contract of insurance, and the inter-relation between the company and him as insurer and insured, as in other contracts of insurance. The officers and agents of a mutual company have the same general powers in conducting the company's insurance business as have the corresponding officers and agents in stock companies. Such a company can waive its by-laws, or its policy provisions, like any other company; and there is no reason why its parol contract, or its consent to a thing, or its acquisition of knowledge of a thing, through its agent should not be just as valid and just as binding as in the case of a

stock company. Here the agent who solicited the insurance took the application, delivered the policy, and received the premium, knew all about and agreed to the additional insurance, just as under the rule declared in the Phoenix Ins. Co. case, supra. The insured here was at arm's length in effecting his insurance; and it would be unjust to apply to him in his relation as insurer, any rule different from that generally applying to the insuring citizens of the Commonwealth.

Judgment affirmed.