## M. Livingston & Company v. Philley, et al.

(Decided October 10, 1913).

### Appeal from McCracken Circuit Court.

1. Pleading—Where Two Defendants Sued for Tort.—Where two defendants are sued for a tort, one cannot make his answer a cross petition against the other and in that action obtain a judgment over against him before he has paid anything or sustained any loss.

2. Negligence—When Negligence of Husband Not Imputed to Wife.—The negligence of the husband with whom the wife was driving is not to be imputed to her.

3.  Verdict—When Verdict for Damages Will Not Be Set Aside as
    Excessive.—A verdict for damages will not be set aside as ex-
    cessive, unless so large as to indicate passion or prejudice on the
    part of the jury.

J. D. MOQUOT for appellant.

BRADSHAW & BRADSHAW and ARTHUR Y. MARTIN for ap-
pellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

South Fourth street in Paducah runs for several
blocks across a deep slough; the street has been built
upon a fill which is about twenty-five feet high, the fill
at the top being about nineteen feet wide.  On each side
of the fill, the city set a line of posts eight feet apart,
and nailed a plank to the posts to serve as a guard rail.
On October 17, 1912, Mrs. Maggie Philley was driving
into the city with her husband and when they were about
the middle of the fill, a large motor truck belonging to
M. Livingston & Company approached them.  The horse
took fright as the truck approached, and backed the ve-
hicle against the guard rail with such force as to break
it; the buggy and horse and the occupants of the buggy
fell down the fill.  Mrs. Philley was severely hurt, and
this suit was brought by her to recover for her injuries
against both the city and the owners of the motor truck.
There was evidence on the trial showing that the horse
took fright some time before the motor truck reached
them and that the driver of the truck paying no atten-
tion to this, continued to approach them until the horse
backed the buggy down over the fill.  There was also
some evidence that the guard rail put up by the city
was insufficient.  The case was submitted to a jury who
returned a verdict in favor of the city and against M.
Livingston & Company, the owners of the truck, in the
sum of $2,000.  M. Livingston & Company appeal from
the judgment entered on the verdict.

M. Livingston & Company made their answer a cross
petition against the city charging that the negligence of
the city in failing to maintain a sufficient guard rail was
the proximate cause of the accident, and praying judg-
ment over against the city for any amount that it might
be held liable to Mrs. Philley for.  The circuit court sus-
tained the demurrer of the city to the cross petition and
of this Livingston & Company complain.  The general

rule is that there is no contribution between joint tort feasors. It·is true it has been held that one who is not primarily liable, but has been made answerable for the wrongful acts of another, may recover the amount he has been compelled to pay. (Blocker v. Owensboro, 129 Ky., 75, Georgetown v. Groff, 136 Ky., 662.) But when the plaintiff sues two alleged wrongdoers, neither of them can in that action file a cross petition against the other, when he has paid nothing; for the plaintiff is entitled to try out his action without its being encumbered with the controversy between the two defendants. If one of them who is not primarily liable has anything to pay under the judgment, he may, after paying it, bring his action against the other to recover what he has paid, but he cannot sue until he has paid the judgment. Until he has suffered a loss, he has no cause of action which a common law court can enforce. The circuit court therefore properly sustained the demurrer to the cross petition.

The contributory negligence of the husband is not imputed to the wife. (Cahill v. Cin., Etc., R. R. Co., 92 Ky., 345; Louisville R. R. Co. v. McCarthy, 129 Ky., 814; L. & N. R. R. Co. v. Wilkins, 143 Ky., 572.) The circuit court properly so instructed the jury.

Appellants also complain that the verdict is excessive. But they offered no evidence to contradict the evidence offered by the plaintiff as to the extent of her injuries; after the plaintiff had introduced several witnesses as to her injuries, the court asked the attorney for the plaintiff when another witness was introduced: "Is this evidence to the same effect?" A. "Yes, sir, it is." The court then asked the attorney for the appellant: "Does the defendant propose to introduce any testimony about her injury?" A. "No, sir." The court: "Well, I won't hear anything more on that point. Stand aside."

Admitting her injuries to be as stated by her and her witnesses, we cannot say that the verdict for $2,000 is so palpably excessive as to indicate passion or prejudice on the part of the jury.

Judgment affirmed.