# American Eagle Fire Insurance Company v. Meredith et al.

(Decided December 17, 1929.)

GORDON & LAURENT, T. M. GALPHIN, JR., and W. D. GIL-
LIAM for appellant.

N. F. HARPER and ROBERT S. OLIVER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

J. E. Meredith held a policy of insurance, insuring
him in the sum of $1,000 on a country store in Allen
county. The house burned, and this action was brought
by him to recover on the policy. The defendant resisted
recovery on the ground that the policy provided that it
should be void if the interest of the insured in the prop-
erty should be other than unconditional and sole owner-
ship, and that Meredith was not the sole and uncondi-
tional owner of the property.

On the other hand, Meredith pleaded an estoppel on
the company to make this defense. On the trial of the
case there was a judgment for plaintiff. The defendant
appeals. The facts are these:

Meredith's mother-in-law, Martha E. Harman, lived
with him. She was about 70 years of age; could not read
or write or transact any business, and Meredith trans-
acted business for her. The property in question was
deeded to them jointly, and they, for some years, had
been operating a country store there as partners; the
business being done in Meredith's name. In April, 1928,
Meredith applied to the agent for insurance, telling him
that the property was owned jointly by himself and his
mother-in-law, and that they were doing business in his
name and asked the agent to cause the policy to be issued
in the proper form. The agent agreed to do this and
sent him soon thereafter a policy in another company,
and he paid the premium. That company withdrew from
the state, and on July 19, 1928, the agent wrote to him
telling him that he inclosed the policy sued on as the sub-
stitute for the former policy dated April 1st, and asked
him to return that policy to him, which he did. Soon
after this was done the house burned. In his pleadings

Meredith set out all these facts, alleging that he had charge of and operated the property in his own name, but controlled it in trust for his mother-in-law, to the extent of her interest, all of which was fully explained to the agent and who with this knowledge issued the policy in his name. He sought a recovery for himself and as trustee for his mother-in-law for the full amount of the policy. The court by clear instructions submitted the issue to the jury, and under the instructions the recovery is in favor of Meredith for himself and as trustee for his mother-in-law. While there is some conflict in the evidence, the verdict of the jury is not against the evidence. For the agent is contradicted on other questions in the case. The testimony as to what occurred in April between Meredith and the agent was properly admitted, because the agent substituted the second policy for the first without any further conference with Meredith and plainly acted on what had then been told him. Only a short time had elapsed. He acted with full knowledge of the facts to avoid having to return to Meredith the unearned premium.

It is a well-settled rule in Kentucky that if the insured tells the agent all about the condition of the title and the agent understands this and knowing the facts issues the policy, the company cannot rely upon the clause above referred to. Kentucky Growers Ins. Co. v. Logan, 149 Ky. 453, 149 S. W. 922; Connecticut Fire Ins. Co. v. Moore, 154 Ky. 18, 156 S. W. 867, Ann. Cas. 1914B, 1106; Hartford Fire Ins. Co. v. McClain, 85 S. W. 699, 27 Ky. Law Rep. 461. A very different question was presented in Globe, etc., Ins. Co. v. McIntosh, 227 Ky. 639, 13 S. W. (2d) 775. The agent did not promise here something not promised in the policy. The rule rests on the ground of estoppel. The average man knows little about the rules of insurance, and when the agent misleads him and issues a policy knowing all the facts, the company, not the insured, should bear the loss. To hold otherwise on such facts as here would be to sustain a fraud.

The exclusion of the evidence offered by the insurance company, to the effect that the policy would not have been issued if the truth had been known, is immaterial for the reason that under the instructions of the court the jury could only find for the plaintiff if the agent knew the facts.

On the question whether the policy had been canceled, which was submitted to the jury by the court, the weight of the evidence is with the plaintiff. The court did not err in striking out the cross-petition of the insurance company against its agent. Its cause of action against the agent for not canceling the policy was not such a matter as could be litigated in this action between Meredith and the company. It may prosecute its cause of action against its agent in a separate action. Wells v. Boyd, 1 Duv. 367; Crabtree v. Banks' Adm'r, 1 Metc. 482; Sanders v. Sanders, 17 B. Mon. 10; M. Livingston & Co. v. Philley, 155 Ky. 224, 159 S. W. 665.

Judgment affirmed.