## Sandmann v. Sheehan et al.

### Same v. Chope et al.

June 20, 1939.

William H. Field, Judge.

James Boswell Young for appellant.

Joseph Lazarus, H. O. Williams and Gavin H. Cochran for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This litigation arose out of an automobile collision at the intersection of Burnett and First streets in Louisville, Kentucky, October 13, 1936. Appellant, Leo J. Sandmann, was driving an automobile west on Burnett street, and appellee William D. Sheehan was proceeding north on First street. Appellee John F. Chope was a passenger in Sheehan's car. The two automobiles collided at the intersection, and Sheehan and Chope were injured. At the time of the accident, an overhanging, four-way intersection light was maintained at this point by the city. Sheehan brought an action against Sandmann to recover $75 damages to his automobile, $40 for loss of its use, and $216 for personal injuries, or a total of $331, all of which he alleged was caused by the negligence of the defendant. Chope also brought an action against Sandmann to recover damages for the injuries sustained by him. In the Sheehan case the defendant filed an answer, counterclaim, and cross-petition in five paragraphs. Paragraphs 1 and 2 traversed the averments of the petition, and paragraph 3 was a plea of contributory negligence. Paragraph 4 was a counterclaim in which the defendant sought to recover from the plaintiff damages in the sum of $140 for injuries to his automobile and loss of its use. Paragraph 5 was a cross-petition against the city of Louisville in which the defendant alleged that the traffic light at the intersection of Burnett and First streets was out of order and not working east and west on First street at the time of the accident, but was working north and south on Burnett street and was yellow, changing from green to red north and south; that the condition of the traffic light was known to the city and but for the failure of the light to be in proper working order the accident would not have occurred; that all damages sustained by plaintiff and defendant were caused by the carelessness and negligence of the city in failing to keep the traffic light in repair. The defendant sought to recover damages from the city in the sum of $140 for injuries to his

automobile and loss of its use, and, in addition thereto, "such sum in damages as may be awarded against the defendant in favor of the plaintiff herein." In the Chope case the defendant filed an answer and cross-petition in four paragraphs. Paragraph 1 was a traverse, paragraph 2 was a plea of contributory negligence, paragraph 3 was a cross-petition against William D. Sheehan, and paragraph 4 was a cross-petition against the city of Louisville similar to paragraph 5 of the answer, counterclaim, and cross-petition in the Sheehan case. A demurrer to the paragraph in each case containing the cross-petition against the city of Louisville was sustained, and the cross-petition in each case was dismissed. The two cases were tried together, and the jury returned verdicts against defendant, Sandmann, for the plaintiffs William D. Sheehan and John F. Chope for $100 and $600, respectively. The defendant has appealed from the judgment in the Chope case and has filed a motion for an appeal in the Sheehan case. He has also appealed from the judgment in each case dismissing his cross-petition against the city of Louisville. The appellee Sheehan has filed a motion to dismiss the appeal as to him on the ground that this court is without jurisdiction since the judgment is for less than $200. The appellant counterclaimed against Sheehan for $140, and the jury found nothing for him on his counterclaim. The amount in controversy so far as he is concerned is $240. The motion to dismiss the appeal is therefore overruled.

Appellant seeks reversals of the judgments on the ground that the proof fails to show any negligence on his part and therefore his motion for a directed verdict in his favor should have been sustained, and on the further ground that the court failed to give the whole law of the case when instructing the jury.

The accident happened about 5 o'clock in the afternoon. There was only one eyewitness, aside from the three participants. Sheehan, a steam fitter's helper, testified that he was returning home from work, and that as he approached the intersection in question the traffic light facing him was green. He slowed down, looked east and west on Burnett street, and entered the intersection at a speed of about 15 miles an hour. He saw a car about the middle of the square on Burnett street approaching from the east, but as he had the green light he started across the intersection. When he was in the

middle of the intersection Chope said, "Look out," and at the same time a car struck his automobile on the side and knocked it to the northwest corner of the intersection. Both he and Chope were thrown clear of the car by the impact. He did not see appellant's car at the time of the collision, but the force with which it hit his car indicated that it was traveling at a high rate of speed. Chope testified that the traffic light on First street was green when Sheehan's car entered the intersection. Appellant's car approached from east on Burnett street at a high rate of speed and entered the intersection without slackening its speed. It struck Sheehan's car with great force after the latter had passed the center of the intersection and when it was to the right of the center of First street. Melvin Moore, an 18-year-old boy, was on the front steps of his home a few doors north of the intersection on First street when the accident happened. He saw Sheehan's car pass going north on First street, and saw appellant's car strike it after it entered the intersection. He testified that the traffic light was green for Sheehan going north, and was not working east and west. The front of appellant's car struck the side of Sheehan's car. Appellant testified that as he approached the intersection he noticed the traffic light facing him was not working. He slowed down his car, shifted gears, and entered the intersection at a slow rate of speed. He looked north and south on First street and saw no . cars approaching. When he reached the center of the intersection he saw the Sheehan car approaching from the south at a high rate of speed. He put his foot on the accelerator expecting the Sheehan car to pass behind him, but Sheehan swerved his car to the left and sideswiped appellant's car. It will be noted that there was a direct conflict in the evidence on the crucial points in issue. The question of negligence was clearly one for the jury to determine.

Instruction No. 1 was based apparently on the theory that the traffic light at the intersection was not operating, and that the driver of the car that first entered the intersection had the right of way. Instruction No. 2 reads:

"If you believe from the evidence that Sandmann, going West on Burnett Street had entered the intersection and was struck by the car of Sheehan going North on First Street, regardless of the fact

that Sheehan had the green light in his favor, then
you should find for Sandmann on the claim of Chope
against him and for Sandmann on his counterclaim
against Sheehan."

This instruction was more favorable to appellant
than that to which he was entitled. Appellant's chief
complaint concerning the instructions is that the court
failed to give an instruction defining the rights and
duties of the parties, and failed to define "negligence"
or "ordinary care." The instructions were correct as
far as they went, or at least not prejudicial to appel-
lant, and it was the duty of appellant to offer instruc-
tions on other questions which he wished to have sub-
mitted to the jury. He offered no instructions, and can
not now complain. Appalachian Stave Company v.
Liberman, 271 Ky. 663, 113 S. W. (2d) 48; City of Haz-
ard v. Adkins, 263 Ky. 398, 92 S. W. (2d) 353; White-
head's Adm'r v. Peter Knopf's Sons, 262 Ky. 493, 90
S. W. (2d) 709; Berkshire Life Insurance Company v.
Goldstein, 259 Ky. 451, 82 S. W. (2d) 501; National Life
& Accident Insurance Company v. Bradley, 245 Ky. 311,
53 S. W. (2d) 701. In Madisonville, H. & E. R. R. Co.
v. Thomas, 140 Ky. 143, 130 S. W. 975, 976, the court
said:

"It is not the duty of the court in a civil action to
give the jury the whole law of the case. It is the
duty of the litigant to ask such instructions as he
wishes, and, if the instructions given by the circuit
judge do not cover the point which the litigant de-
sires to have covered, he should ask an instruction
on the point."

Appellant also complains because the court dis-
missed his cross-petition against the city of Louisville.
The court did not err in dismissing the cross-petition.
Appellant's cause of action, if any, against the city was
not such a matter as could be litigated in the actions
between the plaintiffs and Sandmann. Section 96, sub-
section 3, Civil Code of Practice; City of Georgetown v.
Groff, 136 Ky. 662, 124 S. W. 888; M. Livingston & Com-
pany v. Philley, 155 Ky. 224, 159 S. W. 665; Wahl v.
Lockwood & Gasser, 227 Ky. 183, 12 S. W. (2d) 321.
Aside from that, the city, in maintaining a traffic light
at the street intersection, was regulating traffic under
its police power, and so was engaged in the performance
of a governmental function and in no event was liable

to appellant. Martin v. City of Winchester, 278 Ky. 200, 128 S. W. (2d) 543, decided May 5, 1939.

In the Chope case the judgment is affirmed, and in the Sheehan case the motion for an appeal is overruled, the appeal denied, and the judgment affirmed.