## Richards et ux. v. Gibson's Adm'r et al.

June 12, 1942.

B. J. Bethurum for appellant.

Kennedy & Kennedy and John S. Cooper for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part and reversing in part.

On April 6, 1937, one of the appellants and a defendant below, E. J. Richards, executed and delivered to Joe H. Gibson a promissory note agreeing to pay the latter $555 sixty days thereafter, there being no consideration expressed in the written promise. Neither the note nor interest was paid following the due date, and on November 9, 1938, the payee filed this ordinary action in the Pulaski circuit court against defendant as maker of the note to recover judgment against him for its amount. Plaintiff's effort to so enforce the collection of his note started the battle of the hornets, and from that time on various motions, demurrers, motions to strike and other questions of practice were employed by each of the respective litigants, and by those later brought into the case. But the culmination of all of which was an admission by defendant in his answer that he executed the note sued on and that it represented the entire consideration for a lot that he purchased from plaintiff in the city of Somerset, Kentucky; that although the deed executed by plaintiff to him recited the consideration for the lot as being $900, and acknowledged receipt thereof, yet the facts were as defendant pleaded them in his answer, which he made a counterclaim against plaintiff.

The counterclaim was based on averments in the answer to the effect that at the time defendant purchased the lot from plaintiff a portion of it had theretofore, by plaintiff's permission, been used as a public dumping ground, as was also a larger area covering the adjoining lot to the one plaintiff purchased which was then owned by plaintiff. Also that there was located on a part of the area so employed a public horse rack which plaintiff had likewise acquiesced in; but there was no allegation that anyone had acquired the right to such appropriations. Therefore, the counterclaim averred that when the purchase of the lot by defendant from plaintiff was made, the latter agreed as a part of the consideration to remove or cause to be removed the hitching rack on plaintiff's adjoining lot, and also remove the accumulation of debris

from all of the area theretofore used for dumping, including that part extending over and on the lot defendant purchased.

The pleading then averred that plaintiff had failed and refused to carry out that part of the consideration, which was omitted from the deed by oversight, mistake or fraud, and for which a reformation of it was sought and the recovery of damages to defendant's lot produced by plaintiff's failure in the respects indicated, which was placed at $600. Plaintiff demurred to defendant's answer and counterclaim, but which was not acted on until final judgment in the case was rendered. In the meantime defendant amended his answer and counterclaim and made it a cross petition against one Fred Baugh, and for cause of action against the latter it was averred that after defendant purchased the lot from Gibson he erected thereon an apartment building, and following its completion he sold the lot and building to Baugh for $11,000 plus the agreement on the latter's part to pay all outstanding incumbrances on the property, one of which was the $555 note sued on herein, which was—as between plaintiff and defendant—a lien on the property, and of which Baugh had notice at the time he purchased the property from defendant.

The cross petition then averred that if judgment should be rendered against defendant on final submission of the cause that he then recover from Baugh, the cross defendant, whatever amount defendant would be compelled to pay. Baugh appeared, after being served on the cross petition, and moved to strike it from the file. He then filed both a special and general demurrer to it, which started other sparring matches between the litigants, in which questions of practice were raised, and which continued until June 14, 1941, when all prior motions were taken up and decided, followed by the final judgment from which this appeal is prosecuted. In the meantime Gibson died and the action was revived in the name of his administrators. The court on that date sustained plaintiffs' demurrer to the answer and counterclaim filed by defendant, and rendered judgment against the latter in favor of plaintiff for the full amount of the note sued on and dismissed defendants' counterclaim. The court then sustained the objections of Baugh to the cross petition of defendant against him and dismissed that pleading. To reverse those judgments defendant

and his wife—who in the meantime had been made a party to the litigation—prosecute this appeal.

We have been cited to no ground supporting the court's action in sustaining plaintiffs' demurrer to the counterclaim of defendant and dismissing it upon his declining to plead further. The brief for plaintiffs nowhere attempts to justify that ruling. Consequently no contention is made that the facts as averred therein were insufficient to sustain a cause of action, or that they did not arise "out of the contract, or transactions, stated in the petition as the foundation of the plaintiff's claim, or which is connected with the subject of the action," which subsection 1 of Section 96 of our Civil Code of Practice prescribes as essential to the support of a counterclaim. The matter pleaded by defendant in support of his counterclaim, as alleged by him, arose out of his contract of purchase of the lot from the original plaintiff. Therefore, according to the pleading of defendant the violated promise by plaintiff was a part of the consideration of that contract. The damages sought to be recovered by defendant through and by his counterclaim consisted of a dimunition of the value of his purchased lot alleged by him to be $600 because of the nuisance use which plaintiff agreed to abate, but failed to do so, plus $65 which defendant averred he paid to clear a part of the area of his purchased lot of the dumped material that had been put on it. The agreement to remove such value reducing use of plaintiff's immediately adjoining property, and his agreement to remove and cause to be abandoned the same use on a part of the property sold, was not only a lawful one, but likewise one that would support a cause of action in favor of the promisee against the promisor in a contract by the latter to remove such obstructions and to discontinue such use. Such were the averments of the counterclaim, as we have seen, which the demurrer thereto admitted, and we can see no escape from the conclusion that the court erred in sustaining it and in rendering judgment in favor of plaintiffs.

The remaining question in the case concerns the ruling of the court on the cross petition against Baugh, who, as we have seen, was an entire stranger to the contract whereby defendant purchased the lot from plaintiff, as well as a stranger to the litigation as first filed. The authority permitting the filing of a cross petition is contained in subsection 3 of Section 96 supra of our

same Code of Practice, and it is provided therein that the right to maintain such pleading "is not allowed to a defendant, except upon a cause of action which affects, or is affected by, the original cause of action" &c. There are many cases cited in the notes to Section 96, supra, and beginning on page 60 thereof under the heading "Cross Petition" are collected numerous ones pointing out when and under what circumstances cross petitions may or may not be maintained. We shall refer to only a part of them and, perhaps, others not therein listed. Among those we shall list are Bullitt v. Eastern Kentucky Land Company, 79 S. W. 217, 25 Ky. Law Rep. 1954; Fritts v. Kirchdorfer, 136 Ky. 643, 124 S. W. 882; Howard v. Jones, 147 Ky. 303, 143 S. W. 1058; Wahl v. Lockwood & Gasser, 227 Ky. 183, 12 S. W. (2d) 321; American Eagle Fire Insurance Company v. Meredith, 232 Ky. 142, 22 S. W. (2d) 571; Black Motor Co. v. Call, 264 Ky. 40, 94 S. W. (2d) 35, and others of the same tenor, or of an analogous bearing, will be found cited in those opinions. As illustrating this court's interpretation of the provisions of subsection 3 of Section 96 of our Civil Code supra, we will point out the facts of only two cases, all of the others coinciding therewith.

In the Fritts v. Kirchdorfer case, supra, a bank sued an automobile company and its sureties on a note executed by the principal in which the sureties owned stock. Kirchdorfer, one of the sureties, answered the petition, but the court sustained a demurrer thereto and rendered judgment against him. The other surety, Fritts, also defended upon various grounds, and while the action was pending and undecided against Fritts, he filed a pleading, styled a cross petition, against one Ward, who had purchased his stock in the corporation for which he was surety and the purchaser (Ward) agreed [136 Ky. 643, 124 S. W. 884] "to assume and pay whatever liability he (Fritts) had incurred and was owing as a stockholder in or surety for" the automobile company, including the notes to the bank upon which the action was based. The trial court and later this one rejected and dismissed the attempted cross petition upon the ground that the transaction complained of therein "did not affect, and was not effected by, the original cause of action, viz., the German Bank's right to recover upon the notes."

In the case of Sandmann v. Sheehan, 279 Ky. 614, 131 S. W. (2d) 484, 486, two actions had been filed

against appellant by separate plaintiffs to recover damages produced by him in the negligent operation of his automobile on the streets of Louisville, whereby a collision was produced between his motor vehicle and the one in which the two plaintiffs were riding. Besides other defenses he filed and sought to maintain a cross petition against the city of Louisville for some dereliction on its part contributing, as he contended, to the collision as a foundation for the two actions against him. The court disallowed and dismissed his cross petition against the city, which we sustained by saying: "Appellant also complains because the court dismissed his cross-petition against the city of Louisville. The court did not err in dismissing the cross-petition. Appellant's cause of action, if any, against the city was not such a matter as could be litigated in the actions between the plaintiffs and Sandmann. Section 96, subsection 3, Civil Code of Practice; City of Georgetown v. Groff, 136 Ky. 662, 124 S. W. 888; M. Livingston & Company v. Philley, 155 Ky. 224, 159 S. W. 665; Wahl v. Lockwood & Gasser, 227 Ky. 183, 12 S. W. (2d) 321."

In the instant case it is made to appear that Baugh in a separate and independent transaction made with defendant Richards agreed to assume and discharge the Gibson note upon which plaintiff sought to recover judgment. That agreement was an entirely independent transaction—made between different parties—to the one in which the note was executed. It created a distinct, but contingent liability on the part of Baugh, dependent upon whether or not defendant should be adjudged to pay the Gibson note, and which cause of action in his favor against Baugh would not accrue until defendant was compelled to pay that note. Clearly under the provisions of the Civil Code of Practice referred to, as interpreted in the many decisions interpreting and applying it, the cross petition attempted to be relied on by the defendant against Baugh could not be maintained in this action, and the court properly sustained Baugh's demurrer thereto.

Wherefore, for the reasons stated, the judgment in favor of the Gibson estate is reversed, with directions to overrule the demurrer of plaintiffs to defendants' counterclaim; but the judgment dismissing the latter's cross petition against Baugh is affirmed.