STANLEY C. YOUNG'S ADMR. *v.* I. W. OVERTON ET AL.

Cross-Petition—Pleadings—Demurrer.

Where a defendant has a cause of action against a co-defendant, or a person not a party to the action, and affecting the subject matter of the action, he may make his answer a cross-petition against a co-defendant, or such other person, and such cross-petition is not demurrable.

APPEAL FROM MEADE CIRCUIT COURT.

October 13, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

That the money paid by Moreman for the cattle was applied as a payment on the execution in the name of Pollock and Timberlake against appellee Overton, is established by the preponderance of the evidence, and we concur with the court below in perpetuating the injunction to that extent.

But it was erroneous to sustain the demurrer to the cross.petition of Young. It was filed after the act of the 16th of December, 1857, took effect, which is an amendment to the 125th section of the Civil Code, and which provides that where a defendant has a cause of action against a co-defendant, or a person not a party to the action, and affecting the subject matter of the action, he may make his answer a cross petition against the co-defendant, or other person. Meyers' Code of Practice, 39.

Appellant was entitled to have his debt, if the defendants in the execution had paid the amount thereof, or any part to the sheriff or his deputy having the same in his hands, he had his remedy against them, the execution had not been returned as required by law, and when the petition was filed by Overton to enjoin the collection of the money sought by the subsequent execution, on the ground that he had paid the money to Robertson, the deputy sheriff, and made him a defendant with the plaintiffs in the execution; these allegations were sufficient to show that Young representing the assignee of the plaintiff in the execution, had a cause of action against his co-defendant Robertson, and Gough, the latter being the sheriff at the time, growing out of, and affecting

the subject matter of that action, and consequently he could maintain his cross-action against said parties for the recovery of the amount of money collected by virtue of said execution. This mode recommended itself, because it was the most direct way to settle the controversy, and put an end to further litigation. The demurrer, therefore, to Young's cross petition was improperly sustained.

Wherefore, the judgment perpetuating the injunction of Overton for $121.12-100 is affirmed, and the judgment is affirmed on Overton's cross appeal, and the costs of the one will be set off against those of the other. But the judgment sustaining the demurrer to Young's cross-petition against Gough, Robertson, &c., is reversed, and the cause remanded with directions to overrule said demurrer, and for further proceedings consistent herewith.

*Lindsey, for appellant.*

*Walker, Rodman, for appellees.*