CASE 53—PETITION EQUITY—DECEMBER 1.

# Oliver & O'Bryan v. Sutton, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. FRAUDULENT PREFERENCE—PARTIES.—In a suit by one creditor to have transfers by his insolvent debtor adjudged to operate as an assignment of his property for the benefit of his creditors under the act of 1856, a creditor who was not a party plaintiff may by petition be made party defendant.

2. SAME.—All the transferees of the debtor within the statutory period of limitation may properly be made parties defendant in an action under the provisions of the act of 1856,

KOHN, BAIRD & SPINDLE FOR APPELLANTS.

1. A suit under the act of 1856 has a two-fold purpose; first, to adjudge the assignment; second, to settle the estate. Ky. Stats., secs. 1910 to 1917; Civil Code, secs. 426 to 438.

2. The jurisdiction of the court that first appoints a receiver in a preference suit is exclusive and extends to the whole estate of the insolvent, wherever situated. McAlister v. Savings Bank, 80 Ky., 694.

3. The joinder of several causes of action under the act of 1856 has the approval of this court. Fuqua v. Ferrill, 80 Ky., 69; Whitehead v. Woodruff, 11 Bush, 209; Bauer v. Huntington Bank, 17 Rep., 325; sec. 83, Civil Code.

4. A joint venture in real estate does not give either joint tenant, though one has only an equitable interest, a lien upon the interest of the other for indebtedness unconnected with the joint holding nor does it give a right to an equitable set-off. Pomeroy's Equity Jurisprudence, secs. 1233, 1234, 165, 166; Brown v. Phillips, 3 Bush, 656. A. & E. Ency. of Law, 239, title Set-off.

STROTHER & GORDON ON SAME SIDE.

1. In an action under the statute of 1856 the plaintiff may join in the same action more than one person who has received preference from the debtor. As soon as the act is done in contemplation of insolvency and the preference given a trust is created embracing all of the property of the debtor and inuring at once to the benefit of all his creditors alike, which trust may be declared and made effective by the filing, by any creditor, of a

Oliver & O'Bryan v. Sutton, etc.

petition within the statutory period. Shouse v. Utterback, 7 Met., 52; Given v. Gordon, 3 Met., 538; Tucker v. Fogle, 7 Bush, 290; Lenthecane v. Tuley, 11 Bush, 131.

2. Any creditor may be made a party to such a suit, and may bring before the court all other persons who had received preference from the debtor. Fuqua v. Ferrill, 88 Ky., 69; Johnson v. Mc-Ghee, 14 Ky. Law Rep., 699; Anderson v. Anderson, 88 Ky., 648; Pomeroy on Remedy and Remedial Rights, sec. 347 and 349; Bliss on Pleading and Practice, secs. 110, 96, 125; sec. 687 Civil Code; McCutcheon v. Caldwell & Son, 90 Ky., 249; Hendricks v. Silva, 89 Ky., 423; Brown v. Early, 2 Dana, 371; O'Neal v. Miller, 2 Bush, 291; Whitehead v. Woodruff, 11 Bush, 209; Horn v. Simms, 3 Met., 397; Thomson v. Heffner, 11 Bush; Temple v. Prince, 2 Duval, 277; Applegate v. Merrell, 4 Met., 23; Story v. Graham, 4 Met., 320; Letcher v. Stagner, 2 Duval, 225; Wilson v. Spelling, 3 Bush., 324; McKee v. Fogle, 7 Bush,, 290; Sawyer v. Langford, 5 Bush, 541; Cecil v. Sworn, 10 Bush, 96.

BARNETT, MILLER & BARNETT FOR THE LOUISVILLE BANKING CO.

1. In order to maintain a suit under the act of 1856, the plaintiff must be a creditor of the transferror. Chap. 44, art. 2, sec. 3, General Statutes.

2. A cross action will not lie in a suit under the act of 1856, unless the plaintiff in the original action was a creditor at the date of filing the suit. Civil Code, sec. 96, sub-sec. 3.

3. A cross petition is not allowed to a defendant except upon a cause of action which affects or is affected by the original cause of action. Civil Code, sec. 96, sub-sec. 3.

4. After the first act of insolvency all transfers and collections. made from and after that date by reason of transfers and in payment of debts, passed to the creditors by operation of law. Baker v. Kinnard, 94 Ky., page 5.

5. From that rule there are but two classes of exemptions: (a) Bona fide purchasers for value without notice. Southworth v. Casey, 78 Ky., 395.

(b) Mortgages made in good faith to secure debts created simultaneously therewith. Chap. 44, art. 2, sec. 1, General Statutes; Whittaker v. Garnett, 3 Bush, 402.

6. All suits under the act of 1856 must be brought within six months after the commission of the act complained of. Chap. 44, art. 2, sec. 2, General Statutes; Cogar v. Stewart, 78 Ky., 59.

7. In order to bring any specific transaction within the statute of 1856 before suit, the same allegations and proof must be made:

to such transaction as if that transaction was the only one attacked. Fuqua v. Ferrell, 80 Ky., 70.

8. If several alleged acts of preference are attacked as to creditor A, which occurred in point of time prior to those alleged against creditor B, the latter has a right to put in issue those acts alleged against creditor A. Baker v. Kinnard, 94 Ky., 5; Fuqua v. Ferrell, 80 Ky., 79.

9. If creditor A, or the debtor, should fail to put in issue the alleged acts against A, and B did not, then a judgment establishing a preference would go by default and B would be bound by that judgment.

WALTER EVANS FOR THE FOURTH NATIONAL BANK OF LOUISVILLE.

1. Neither of the causes of action alleged by appellants in their cross-petition in the paragraphs against the Fourth National Bank in any manner grew out of any contract or transaction stated in the original petition as the foundation of the claims of the original plaintiff, and were therefore properly dismissed by the court. Civil Code, secs. 83, 85 and 96.

HUMPHREY & DAVIE FOR J. M. ATHERTON Co., BARKHOUSE BROS., AND THE WESTERN BANK.

1. Appellants were not original defendants in the suit and could not therefore make their pleading a cross petition because their cause of action did not affect, and was not affected by the original cause of action. Sec. 96, Civil Code; Crabtree v. Bank, 1 Met., 482; Royce v. Reynolds, 10 Bush.

2. There was clearly a misjoinder of actions because under the provision of section 83 of the Civil Code, several causes of action may be united only if each affects all the parties to the action and may be prosecuted by the same kind of action, and if all of them be brought upon contracts, expressed or implied. Bliss on Equity Pleading, secs. 117, 123; Fellows v. Fellows, 4th Cowan, 682 (15 American Dec., 418); Dutcher v. Bank, 59 New York, 5; Johnson v. Wilson, 14 Ky. Law Rep., 668; St. Josephs Orphan Asylum v. Wolfert, 80 Ky., 86; Hancock v. Johnson, 1 Met., 242; Weddington v. Meguiar, 12 Ky. Law Rep., 144; Southworth v. Casey, 78 Ky., 395; Sale v. Crutchfield, 8 Bush, 646; Whitehead v. Woodruff, 11 Bush, 209.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

This suit was originally instituted by the Louisville Deposit Bank against A. R. Sutton, under the act of 1856, al-

leging a debt due by him to the bank, that he was insolvent, and had in contemplation of insolvency preferred certain of his creditors, against four persons who were alleged to have received preferences, and against three others claiming interests in the property by virtue of a deed of assignment and two attachments. Complete averments were made, in separate paragraphs, as to each of the four persons who had been preferred, and it was prayed that the preferences be adjudged to operate as an assignment of all of Sutton's property for the benefit of his creditors, for the payment pro rata of all his debts, that the other defendants be adjudged to take nothing by their attachments, etc., and the property taken by the defendants be delivered to a receiver for the benefit of all the creditors.

The appellants, Oliver & O'Bryan, who were not parties to the original suit, filed a petition to be made defendants, making it a counter-claim against the plaintiff, and a cross-petition against Sutton, the defendants named in the original petition, and a number of others who had not been parties. The appellees, the Western Bank, J. M. Atherton Co. and Barkhouse Bros. Co. moved the lower court to require appellants to elect which of the causes of action set up in their cross-petition they would pursue, and to dismiss the cross-petition as to the other cross-defendants. The appellants, Oliver & O'Bryan, moved to strike out of the answer of the Louisville Banking Co. to the cross-petition thirty-seven paragraphs, upon the ground that the banking company had no interest in the matters set up in the paragraphs in the cross-petition to which such paragraphs were responsive. A similar motion by appellants was made as to

the amended answer of Heissman and wife. The original plaintiff, the Louisville Deposit Bank, had dismissed its petition without prejudice. The court below sustained the motion to require Oliver & O'Bryan to elect, without passing on their counter motion; and upon their refusal to do so, the court elected for them, ordered the suit to be dismissed as against all the cross-defendants, except the Fourth National Bank, and afterwards sustained the bank's demurrer to the petition.

The case, therefore, presents the question whether, under the act of 1856, more than one person who is alleged to have received a preference can be made parties defendant.

The question is also made whether Oliver & O'Bryan had the right to come into the case and be made parties defendant.

We have little difficulty with the latter question. The appellants were interested in the subject matter of the original suit, which was a suit to adjudge that an assignment had been made for the benefit of all of Sutton's creditors, and for the administration of his estate under that assignment. Being creditors of Sutton, they might properly have been made parties plaintiff to the petition; and not having been so made, they could only come in by petition to be made parties defendant, and making their answer a cross-petition against Sutton, the debtor and his transferee. In our judgment, the appellants were properly made parties defendant and permitted to make their answer a cross-petition against Sutton and his transferee, and the subsequent dismissal, without prejudice, of the original petition, could not operate to defeat their right to have the question

of assignment adjudicated. (See Sawyer v. Langford, 5 Bush, 539.)

The other question seems to be now raised for the first time. Undoubtedly, the uniform practice has been to make more than one transferee parties defendant, with complete averments as to each transferee of facts showing that that transfer operated as a general assignment. In Whitehead v. Woodruff (11 Bush, 209), and more than a dozen other cases decided by this court, this practice appears to have been followed. Several acts were relied on in each of the petitions as being each within the provisions of the act of 1856. It is true the act (Ky. Stats., sec. 1912), provides that, "Any number of persons interested may unite in the petition; but it shall not be necessary to make any persons defendants, except the debtor and the transferee  . . .;" and an elaborate argument has been made, based upon this section and section 96, sub-section 3, of the Civil Code, that only one transfer can be averred in a petition of this character, and that if more than one transfer be alleged, with facts which would make such transfers operate as an assignment for the benefit of creditors, it is a misjoinder of causes of action. In our view, however, the act itself authorizes the joinder. It is provided in the section of the statutes above referred to that the action and proceedings as to the mode of proving claims, and otherwise, "shall be conducted as actions and proceedings for the settlement of the estates of deceased persons are now required to be conducted, so far as the same are applicable." And in section 1913 it is provided that:

"The court may at any time pending the action, and upon

such terms as it shall deem proper, compel the transferee to surrender to a receiver of the court all the property and effects in his possession or under his control; and it may make such orders respecting the property as it may make concerning attached property. And when it is decided that a sale, mortgage or assignment was made in contemplation of insolvency, and with the design to prefer one or more creditors to the exclusion, in whole or in part, of others, the court shall compel the debtor to surrender to such receiver all property and effects in his possession or under his control, except such property as is exempt from execution, to disclose the amount of his debts, the names and residence of his creditors, all offsets or defenses to any claim against him, or any other matter which shall be deemed proper; and the court shall also compel every person, except an assignee, for the benefit of all the creditors of the debtor, who shall acquire by purchase, assignment or otherwise, any property or effects from such debtor after the suit contemplated by this act shall be instituted to surrender the same to such receiver."

We see, therefore, that the proceeding contemplated by the act is one to secure the possession by the court of all the property owned by the debtor at the time the act was committed which operated as an assignment, and to administer the estate of the insolvent in the same manner as the estate of a deceased person is administered. To secure the possession, it was essential to make parties to the proceeding all persons to whom transfers had been made giving preferences, and it was essential to make complete averments as to all such transfers which were made prior to the

bringing of the suit; for, otherwise, as distinctly held in Fúqua v. Ferrell (80 Ky., 69), the surrender of the property so transferred could not be compelled.

Holding this view as to the scope and meaning of the act, we are of opinion that all transferees, within the statutory period of limitation, were properly parties defendant to the cross-petition of appellants, and were, moreover, necessary parties, if it were intended to subject the property transferred to them to the process of administration as a part of the insolvent's estate.

The object authorized by the statute to be accomplished is the declaration and administration of a trust embracing all the property of the insolvent debtor for the benefit of all his creditors. The limitation sought to be applied by the appellees, the Western Bank, et al, would result in the declaration and administration of a trust embracing only such property as was transferred to a single creditor, together with property transferred subsequent to the bringing of the suit. Taking the whole statute together; it is impossible to believe that this could have been the legislative intent.

As matter of course each of the preferences alleged can not be adjudged to operate as an assignment, but the earliest preference established within the period of limitation should be so adjudged and the subsequent preferential transferees be adjudged to surrender the property obtained by them.

Nor does this view appear to us to be in conflict with section 83 of the Code. The causes of action set forth in the cross-petition of appellants each affect all the parties to the action in respect to the trust sought to be declared and the relief sought, to-wit, the distribution of the trust estate

among the creditors; and each cause of action is upon an implied contract.

By section 428 of the Code, provision is made for suits in equity for the settlement of decedents' estates, and it is provided that all persons having a lien upon, or an interest in, the property left by the decedent shall be made parties as plaintiffs or defendants. By section 438 the provisions of the chapter (including section 428) are required to regulate proceedings for the sale of property held in trust by virtue of the provisions of article 2, chapter 44 of the General Statutes.

In Anderson v. Anderson (80 Ky., 648), a suit brought by an assignee in bankruptcy attacking as fraudulent two deeds made by the bankrupt to two different grantees, conveying two different parcels of land for different considerations, both transferees were joined in one suit, and this court held it not to be a misjoinder under section 83 of the Code, upon the ground that, "The actionable wrong was in fraudulently obstructing the collection of assets by the assignee, and the remedy is to remove the fraudulent obstructions by declaring the conveyances void." In that case, the court relied upon the construction given in a similar case in New York (Jacot v. Boyle, 17 How. Pr., 106), construing a section of the New York Code substantially the same as section 83 of the Kentucky Code; and upon the reasoning in Newman's Pleading and Practice, page 460.

The case at bar seems to us a much stronger one for the application of the rule than Anderson v. Anderson. The cause of action is the preference of one or more creditors. The remedy is to set aside the preferences, and subject the

entire property, both that transferred and that not transferred, to the payment of the insolvent's debts.

In Pomeroy on Remedies and Remedial Rights, section 349, upon this subject, it is said:

"When the action is brought for either of these objects if the debtor has at different times assigned in alleged fraud of his creditors different parcels of property to different assignees or any different parcels of property are held by different persons in alleged fraud of the debtors' creditors, so that the equitable ownership is claimed to be vested in him all of these assignees, or all of these holders of the legal title may be joined with the debtor as co-defendants in one action."

See also Ibid, section 347.   Bliss' Pleading and Practice, sections 96, 110, 125.

For the reasons given, the judgment is reversed, with directions to set aside the orders dismissing the petition, compelling and making an election for the cross-plaintiffs, Oliver & O'Bryan, and for further proceedings consistent with this opinion.