CASE 47—ACTION TO ENFORCE MORTGAGE LIEN &C.—APRIL 25.

# Smith v. Allen.

### APPEAL FROM BATH CIRCUIT COURT.

ACTION BY DEPOSIT BANK OF PIERCE, FANT & CO., AGAINST R. L. THOMPSON AND OTHERS TO ENFORCE A MORTGAGE LIEN. JUDGMENT FOR J. W. ALLEN AND OTHERS UPON CROSS PETITION FILED BY THEM, ENFORCING A LIEN UPON THE DEBTOR'S EQUITY OF REDEMPTION IN THE LAND SOLD TO SATISFY PLAINTIFF'S LIEN, AND W. R. SMITH AND OTHERS APPEAL. AFFIRMED.

PLEADING—FILING IN VACATION—FILING AFTER FINAL JUDGMENT— LIS PENDENS PURCHASER—EXECUTION LIEN—EQUITY OF REDEMPTION.

Held: 1. In an action to enforce a mortgage lien, creditors whose executions had been levied subject to the mortgage had the right after the land had been sold under a decree enforcing the mortgage lien, and had failed to bring two-thirds of its value, to file their answers and cross-petitions in vacation, asserting liens upon the equity of redemption, and to have process issued to the next term of court.

2. The debtor having made an assignment for the benefit of creditors after the institution of the action to enforce the mortgage lien, and after the levy of the executions, it seems that the assignee, who purchased at the sale made to satisfy the mortgage lien, was a *lis pendens* purchaser, and therefore not a necessary party to the cross petition of the execution creditors asserting a lien upon the equity of redemption.

3. Where an execution has been levied on land subject to a mortgage, and the land fails to bring two-thirds of its value, the execution creditor may, by cross petition in the action to enforce the mortgage lien, subject the equity of redemption.

EDWARD W. HINES, ATTORNEY FOR APPELLANT.

1. The judgment confirming the report of sale of the land, put an end to the action, and therefore neither the clerk in vacation, nor the court in term-time, had any authority thereafter, to permit the filing of an additional pleading. Brown v. Van Cleve, 86 Ky., 381; Meadows v. Goff, 90 Ky., 540; Kendall v. Carter, 8 Rep., 879; City of Covington v. Page, 11 Rep., 404.

Smith v. Allen.

2. In no event was there any authority for the filing of the answers and cross petitions in vacation. Civil Code, sec. 108.
3. A levy upon the equity of redemption was necessary to give a lien thereon, the lien created by the levy on the land having been exhausted by its sale. Kentucky Statutes, sec. 2365; Glazebrook & Bro. v. Brandon, 3 Ky. Law Rep., 466; Makibbin v. Arndt, 88 Ky., 180.

W. G. DEARING AND REUBEN GUDGELL FOR APPELLANTS.

1. Neither of the appellees levied their executions on the equity of redemption, hence there are no priorities to adjust between them. A levy on the land was not sufficient.
2. The object of the plaintiff's suit was accomplished when the land was sold. It then became final.
3. The answer and cross petition is not a part of the record, until noted of record. The summons thereon was issued before this was done and is a nullity. Civil Code, 107 and 108; Kentucky Statutes, 2365; Meadows v. Goff, 90 Ky., 540; Brown v. Van Cleve, 86 Ky., 381; Watts v. Hughes, 15 Ky. Law Rep., 846.

OPINION OF THE COURT BY JUDGE GUFFY—AFFIRMING.

On August 30, 1897, the Deposit Bank of Pierce, Fant & Co. instituted a suit in the Bath Circuit Court against R. L. Thompson and others. In that suit plaintiff sought a judgment against Thompson for a sum therein stated, and also claimed a lien under the mortgage upon certain real estate in Bath county. It is further shown in the petition that the appellees herein had obtained judgments against the said R. L. Thompson, and had caused executions upon their several judgments to be issued and levied upon the land in the mortgage mentioned, and said appellees were made parties to the suit, and called upon to assert their claims. At the October term, 1897, of the court, the plaintiff obtained judgment against Thompson for the amount of its debt, and a judgment for a sale of enough of the land in the mortgage mentioned to pay said judgment. At the February term, 1898, of said court, the

commissioner made report of sale, showing that all of the land except thirteen acres had been sold, and bought by the appellant, W. R. Smith, at less than two-thirds of its value, which report of sale was confirmed. At the May term, 1898, of said court there was an order made as follows: "The defendant Exchange Bank of Sharpsburg, filed its answer and cross petition in the clerk's office March 5, 1898, which is now noted of record." A similar order was made as to J. W. Allen, except that his answer and cross petition were filed March 15, 1898; and a similar order was made in reference to Ratcliffe, T. J. Allen, the Specialty Carriage Company, and Charles Browning. The several answers and cross petitions of the appellees substantially alleged that Thompson, after the institution of the suit of plaintiffs, and after the levy of their executions as thereinbefore set out, made an assignment to appellant Smith for the benefit of his creditors, and also set up the fact of the sale under the judgment in favor of the original plaintiff, and that the land sold for less than two-thirds of its value, and prayed for a sale of the redemption right in said land to satisfy their said debts. Summons upon said answers and cross petitions were issued, and served upon the appellants. The appellant, Smith, being a resident of Fleming county, the summons was served upon him in said county. At the May term, 1898, of said court, Smith moved to quash the return of the process on the several cross petitions of appellees, and to strike said answers and cross petitions from the file, because same were filed out of term time and in vacation, without leave of the court, and this court at the time had no jurisdiction, and the clerk no right to file the same and issue process thereon, which motion was overruled by the court, to which Smith excepted, and after-

wards appellants Thompson and Smith, still insisting on
the court having no jurisdiction, filed demurrers to said
parts of said answers and cross petition, which were over-
ruled.    Afterwards appellants moved to strike out certain
parts of said answers and cross petitions, which was over-
ruled.   Thereupon appellants, still objecting to the juris-
diction of the court, tendered their answers, which were
ordered to be filed, and thereupon appellees entered de-
murrers to the answers of appellants.

The answer of Thompson claims that he is entitled to
the sum of $675 of the proceeds of the equity of redemp-
tion in the land in controversy, if the same be sold in lieu
of homestead.   The substance of Smith's answer is that
he qualified as assignee after suit of plaintiff against
Thompson was instituted; that he was not a party to the
suit; that said sale was made by the master commissioner;
that the parties filing the answer and cross petition were
parties to the suit, and were before the court when the
judgment was rendered; that, as assignee, he had no re-
sponsibility whatever in making the land bring the high-
est price, and that the entire responsibility in obtaining
the highest price was out of his hands; that he bid only
as an individual, and that the plaintiffs on cross petition
did not except to the report of sale, and that he (appel-
lant) was the highest and best bidder; and further pleads
the fact of defendants, having failed to answer and set
up their claims before the sale made by the commissioner;
that they had no right to the relief sought, nor any right
to a judgment for a sale of the redemption right.   The
court sustained the demurrer to the answer of appellant,
Smith, and overruled the demurrer as to the answer of
Thompson, and on motion of plaintiffs on cross petition,
the cause was submitted for judgment on the merits, to

which defendants, Smith and Thompson, excepted and objected. The court adjudged a sale of the redemption right in the 199 acres, three roods, and thirty-six poles hereinbefore sold by the commissioner and purchased by appellant Smith, but reserved all questions as to the application of the proceeds of the sale for future adjudication; and from this judgment appellants prosecute this appeal.

It is insisted for appellants that, after the original plaintiff had obtained a judgment and sale of the land, these appellees had no right to file the answers and cross petitions filed, and it is especially insisted that they could not be filed with the clerk in vacation; and we are referred to several decisions of this court and the superior court which it is claimed sustain the contention of appellants. But it will be found upon an examination of the cases cited that they are not at all analogous to the case at bar. In some of the cases cited, the plaintiff, after the determination of the issues between him and defendant, sought to set up a new cause of action and obtain other relief; and it was held that he could not do so, that the judgment ended the controversy, and that there was no cause pending in the court. In another case, after a judgment had been entered in a suit between a plaintiff and defendant in ejectment, the wife of the defendant sought to be made a party and allowed to contest plaintiff's right to possession; but the court held that, if she was not made a party to the suit, her rights were not affected by the judgment against her husband, and hence she could not be allowed to be made a party to the suit, which had already been terminated by a judgment. It is evident that appellees could have filed their answers and cross petition at the October term, 1897, and

obtained practically the same relief now sought, or, rather, been in the condition at the February term, 1898, to have asked for and obtained a judgment for a sale of the redemption right. They undoubtedly acquired a lien upon the land by virtue of the levy of their executions, which, of course, was subordinate to that of the plaintiff. If they had filed answers at the October term, 1897, one of two results would have followed, to-wit: A judgment for sale of enough of the land to pay plaintiff's claim would have been entered, exactly as it was entered, or else the plaintiff's cause would have been continued until the February term, 1898. It nowhere appears in this record that appellants have been at all injured by the failure of these appellees to file their answer and cross petition prior to the rendition of the judgment in favor of plaintiff against Thompson.

A party may file an answer in vacation with the clerk of the court, and we know of no rule of law that prohibits a defendant from filing an answer and cross petition in vacation, and procuring a summons to be issued thereon. If it turned out that he had no right to a cross petition against the party against whom he sought relief, the result would be that his petition would be dismissed at his cost. Moreover, it may well be doubted whether appellant Smith was a necessary party to the cross petition filed. He became assignee of Thompson, and also purchased the land, after the levy had been made under the executions in question, and after the institution of plaintiff's suit, in which the levies aforesaid were set up. It would therefore seem that Smith was a *lis pendens* purchaser.

We do not concur in the contention of appellants that the redemption right could be sold only under execution.

It is certain that, if the sale had not satisfied the debt of plaintiff, it would have been entitled to a judgment for a sale of the redemption right to satisfy the remainder of its debt against Thompson. It is certain that appellees had acquired a lien upon the land subordinate to that of plaintiff, and if all parties had been properly before the court, on proper pleadings, the judgment would have been to sell enough of the land to pay plaintiff's debt and the debts of appellees, due regard being paid to Thompson's homestead right; and, this being true, we are unable to see why it was not competent for the court to adjudge a sale of the redemption right to pay the claims of these appellees. If there had been 100 acres of the land left after satisfying the claim of the plaintiff, it would seem that appellees would have been entitled to a judgment for the sale thereof to pay their claims. Perceiving no error in the proceedings prejudicial to the substantial rights of either of the appellants, the judgment is affirmed.