## Petry, et al. v. Petry, et al.

(Decided March 3, 1911.)

### Appeal from Mason Circuit Court.

1. Actions—Agreed Settlements—Absence of Fraud or Mistake—Duty of Courts.—A court of equity, in the absence of an allegation and proof of fraud or mistake, will not aid a party to an action to violate an agreed settlement of a matter in controversy made out of court and which he voluntarily made with the other parties to the action.

2. Vexatious Litigation—Unnecessary Costs—It is the policy of the law and duty of the courts to prevent vexatious litigation involving decedent's estates and to protect such estates from the payment of unnecessary costs.

ALLAN D. COLE for appellant.

WORTHINGTON & COCHRAN for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In 1897 F. C. Petry who had theretofore been a prosperous business man of Maysville, Kentucky, was, by verdict of a jury and judgment of the Mason circuit court, found to be and declared a person of unsound mind and immediately removed to the College Hill Sanitarium, Cincinnati, Ohio, where two years later he died

intestate. At the time of the inquest F. C. Petry owned a house and lot in Maysville, worth $3,500, and bonds and other securities amounting in value to $48,000. This property was committed to the custody of A. M. J. Cochran, following his qualification as committee for F. C. Petry, under an order of the Mason circuit court appointing him as such.

F. C. Petry was a bachelor and had for a number of years before his failure of mind provided for his aged parents and four unmarried sisters, all of whom lived with him in the Maysville residence referred to, and after his removal to the College Hill Sanitarium continued to occupy the property as a residence. At the death of F. C. Petry his entire estate descended under the statutes of the State to his father and mother, J. C. Petry and Mary J. Petry, a moiety to each of them. Shortly after inheriting the property of their son, the parents died, and thereupon the property descended to their four daughters, Anna M. Petry, Louise Caroline Petry, Fredrica Petry, Mary Josephine Petry, and a son, G. W. Petry, in the ratio of one-fifth to each. There appears to have been no administration of the estate of F. C. Petry, but Anna M. Petry was appointed and duly qualified as administratrix of the estate of each of her deceased parents; however, the personal property of F. C. Petry that went into the hands of his committee, A. M. J. Cochran, was, after his death, with the consent of the parents who inherited it from F. C. Petry, and after their death, that of their heirs and administratrix, retained and kept safely invested by A. M. J. Cochran as agent and so much of its income as was necessary for the purpose, applied to the support of the parents and daughters. So well did the agent, Cochran, invest and manage the fund in question that by 1907 it had increased from $48,000 to $66,000, but during that year tax collectors for the State, county of Mason and city of Maysville, instituted against Anna M. Petry, administratrix of the estate of her deceased parents, proceedings for the recovery of divers years back taxes claimed to be due upon the property, and these taxes, aggregating several thousand dollars, she was compelled to pay out of the fund in the hands of Cochran. On October 6th, 1907, the appellant, G. W. Petry, as an heir at law of J. C. Petry and Mary J. Petry, deceased, for the purpose of compelling a settlement of their estates and obtaining his share thereof, through his

attorneys, R. W. Nelson, of Newport, and C. S. Sallee, of Maysville, instituted in the Mason circuit court two actions: One against his sister, Anna M. Petry as an heir at law of J. C. Petry and administratrix of his estate; the other against her as an heir at law of Mary J. Petry and administratrix of her estate. The other three sisters, heirs at law, were also made defendants in each of the actions.

After the consolidation of the two actions, appellees filed a joint answer, which admitted appellant's right as an heir at law to one-fifth of the net proceeds of the estates left by J. C. Petry and Mary J. Petry, deceased, contained a showing of the total assets belonging to the two estates received by the administratrix, the amounts paid out by her and the total thereof, and certain other demands against the two estates she would thereafter have to pay. Among the latter were commissions due the administratrix, a fee to her attorneys, the cost of a family monument for which she had contracted, $1,000 claimed to be due the administratrix in her own right, and a like sum to each of her three sisters, with interest on each of these amounts from January 1, 1907, at the rate of six per cent per annum. It appears from the averments of the answer that the claim of $1,000 each, asserted by the four sisters, arose out of a gift of a $1,000 five per cent. interest-bearing bond made each of them by their brother, F. C. Petry, December 25th, 1891; which bonds he then delivered to them but at their request retained for safe-keeping, collecting the interest and re-investing, when in his judgment necessary, the principal in other securities for them. It was also alleged in the answer that under this agreement F. C. Petry held for each of the appellees her bond and for several years collected and paid to her the interest received thereon semi-annually; the last payment of such interest having been made each of them July 1st, 1896; that when F. C. Petry was adjudged to be of unsound mind in 1897 the bonds in question, or other bonds or securities of equal value in which he had invested their proceeds, were in his possession, and being held by him for them, and when A. M. J. Cochran as committee took possession of his property five $1,000 bonds were a part of it, and four of these bonds or their proceeds A. M. J. Cochran agreed with the consent of appellees and their parents to hold and account for as appellees' property.

That he complied with the agreement by so holding for them and keeping invested at six per cent. the proceeds of the four bonds after their father and mother inherited the property of F. C. Petry following his death, and is yet so holding such proceeds. After the appellant G. W. Petry had by reply traversed the affirmative matter of the answer, the consolidated causes were referred to the master commissioner for a report as to the assets and liabilities of the two estates and settlement with the administratrix. Appellees took the deposition of numerous witnesses in regard to the gift of the bonds to them by F. C. Petry, and these depositions proved the gift beyond doubt; indeed, no evidence was taken or offered by the appellant, G. W. Petry, to disprove it.

Before the commissioner filed his report or there was a submission of the case the appellant, G. W. Petry, and his attorneys became convinced from the showing made by Judge Cochran of the fund in his hands and the soundness of its investment, that it had increased greatly in amount and value; and realizing that appellees upon the proof taken by them would recover the $4,000 claimed as the value of the bonds given them by F. C. Petry, with interest from January 1st, 1897, proposed to appellees a settlement out of court of the matters in controversy between them, provided they would withdraw their claim for interest on the $1,000 due each of them from F. C. Petry's estate. The proposition was accepted by appellees and the settlement effected upon the terms contained in the following writing:

"Mason Circuit Court.

George Wililam Petry,                                 Plaintiff.

v.

Anna M. Petry, as Admx of Mary J. Petry,
    deceased, Etc.                                    Defendants.

George William Petry,                                 Plaintiff.

v.

Anna M. Petry, as Admx of J. C. Petry, de-
    ceased, Etc.,                                     Defendants.

"These two consolidated actions are settled on the following terms:

"Out of the funds in the hands of Anna M. Petry, as administratrix of the two decedents, she shall retain the amounts following:

"$4,000 in satisfaction of the bonds mentioned in the pleadings as having been given to the four sisters of F. C. Petry, deceased.

"$2,500 as compensation in full for the attorneys of the administratrix, and her commission.

"1,500 for a moument.

"George William Petry agrees to convey to his four sisters, parties hereto, by deed, in which his wife joins to release her contingent dower, his undivided interest in the house and lot where they now live, located on Fourth street, opposite Plum street, Maysville, Ky., for the sum of $700, being one-fifth of $3,500. This $700 to be paid to him in cash.

"The administratrix will pay out of said estate the court costs of the consolidated actions.

"The administratrix shall also retain a sum reasonably sufficient to answer the claim aginst her and A. M. J. Cochran, as garnishees, in the suit now pending in Mason circuit court of R. W. Nelson v. George W. Petry, which claim is for $1,200 and interest and costs, present and prospective, and is in contest in said suit.

"The balance of the estate, after payment of taxes for city, county and State, for year 1908, is to be equally divided between the four sisters and their brother, George William Petry, each to be charged in that division with the amount heretofore distributed by them since the qualification of Anna M. Petry as administratrix of her father and mother.

"(Signed)     G. W. Petry.

"Attest: A. D. Cole,
          "Sudie P. Childs."

In pursuance of the foregoing agreement, appellee Anna M. Petry, administratrix, paid the appellant, G. W. Petry, $9,800 of the $11,318.29, to which he was entitled as his share of the fund in Judge Cochran's hands, retaining by agreement $1,518,29, out of which to satisfy any judgment that might be recovered in an action brought against him by his former attorney, R. W. Nelson, for a fee of $1,200; that amount having been attached in appellee's hands as going to appellant. Appellees also paid the appellant, G. W. Petry, the $700 agreed upon as the consideration for his interest in the house and lot, and received from him a deed of conveyance therefor. The remainder of the fund in Judge Cochran's hands

was distributed between the four sisters, each receiving a fifth.

It was a part of the agreement between the parties that the consolidated actions pending in the Mason circuit court should be immediately dismissed, but this was not done because the appellant, G. W. Petry, did not want his former attorney, Nelson, to know that he had settled the cases; and at the request of his present attorney appellees agreed to let them remain on the docket until Nelson's case against appellant should be tried. After the actions had been thus settled, and while they yet remained on the docket of the Mason circuit court for the purpose requested by appellant, G. W. Petry, the appellee, Anna M. Petry, died, and shortly thereafter he, without notice to appellees, appeared in the Mason county court and caused one M. E. McKellup to be appointed administrator de bonis non of the estates of J. C. and Mary J. Petry, deceased. When appellees learned of the appointment of McKellup as administrator, they sent their attorney to see G. W. Petry's attorney about the matter, and were advised by the latter that the only purpose of McKellup's appointment was to enable him to receive and hold the $1,518.29, that had been retained by Anna M. Petry out of appellant's share of the estate of his parents to satisfy the attachment of Nelson, if sustained, in his action against the appellant, G. W. Petry, for the fee; having no objection to McKellup's appointment for that purpose, appellees made no effort to have him removed by the county court and paid him the $1,-518.29 held by Anna M. Petry at the time of her death.

After the appointment of McKellup as administrator de bonis non, the appellant, G. W. Petry, without notice to appellees, filed in the office of the clerk of the Mason circuit court, out of term time, what purported to be an amendment to the petitions in the consolidated actions against appellees. This alleged amended petition ignored the settlement under the terms of which the actions were to be dismissed, set out the appointment of McKellup as administrator de bonis non of the estates of J. C. and Mary J. Petry, deceased, alleged that there were $29,000 of assets belonging to these estates yet to be distributed, asked a final settlement and distribution of the estates, the allowance of commissions to the administrator de bonis non, and a fee to his attorney.

Shortly after lodging with the clerk the alleged amended petition, appellants' attorney without notice to appellees, also lodged with him another paper which purported to be an answer and cross petition of M. E. McKellup, administrator de bonis non of J. C. and Mary J. Petry, which in effect adopted the averments of the amended petition and concurred in its prayer for a settlement, the allowance of commissions to McKellup as administrator, and a fee to his attorney.

The Mason circuit court was in session when the so-called answer and cross petition of McKellup, administrator, was left with the clerk, and no attempt was then made to file it or call the court's attention to it. After some time had elapsed appellees learned of appellant's lodging with the clerk the so-called amended petition, answer and cross-petition, whereupon they objected to the filing of either in the consolidated actions referred to, and moved to dismiss the actions as settled. In support of the motion to dismiss, appellees filed their affidavits respectively, and that of W. D. Cochran, one of their attorneys. These affidavits set forth the settlement of the two cases made between the appellant, G. W. Petry and appellees, the distribution of the property left by J. C. and Mary J. Petry, the payment to him of his part thereof, less $1,518.29, retained by Anna M. Petry to satisfy the fee of Nelson, and the payment to McKellup as administrator de bonis non of the latter sum. The written agreement by which the consolidated actions were settled was filed with one of the affidavits as an exhibit, as were the receipts showing the payments to appellant of $9,800.00 and to McKellup of the $1,518.29. No counter affidavits were filed, or other proof offered by appellants. When the motion to dismiss the consolidated actions came on for hearing, the circuit court sustained it and dismissed them, as settled; but before doing so it noted of record the filing of the amended petition, then, on appellees' motion, struck it from the record. At the same time, the appellant, McKellup, administrator of the estates of J. C. and Mary J. Petry, was refused permission to file the answer and cross petition which he had theretofore left with the clerk.

Appellants complain of the judgment manifesting these several rulings and by this appeal seek its reversal.

The refusal of the circuit court to permit the filing of the two pleadings referred to was not error. If, for

the purpose of deciding this question, we should leave out of consideration the fact that the consolidated actions had been settled and were to be dismissed, as appellees had filed their answer to the original petitions the appellant, G. W. Petry, had no right to file the amended petition without first obtaining of the court leave to do so. Section 132, of the Civil Code, provides:

"The plaintiff may, at any time before answer, amend his petition without leave; but, unless the amendment be filed five days before the term at which the defendant is summoned to answer, he shall give to the defendant notice, of one day, of his intention to amend." Hunt v Semonen, 79 Ky., 270.

A petition may, of course, be amended after the defendant has answered, but leave to file the amendment must first be obtained of the court as provided by section 134, Civil Code, which confers upon the courts a broad discretion in the matter of allowing or refusing amendments, with which this court will not interfere, unless convinced that there has been an abuse thereof. Even if the amended petition could be regarded a supplemental pleading, the filing of which is permitted by section 135, Civil Code, it could not be filed without leave of the court. But it is manifest that the settlement of and agreement to dismiss the actions deprived appellant of the right to file the amended petition, and if the filing of the amended petition would not have been proper the filing of the answer and cross petition of McKellup, administrator, was improper.

The settlement made of the cases was not attacked in the amended petition or the answer and cross-petition on the ground of fraud or mistake; and its terms were fully shown by the writing introduced in evidence on the hearing of the motion to dismiss the cases. In addition to the proof of the settlement furnished by the writing mentioned, the agreement to dismiss the actions and appellees' compliance with the terms of the settlement, were fully shown by the affidavits of appellees and their attorney and not denied by appellants.

The settlement was fairly effected and its provisions just to all the parties concerned. Indeed, had the rejected pleadings been filed and the cases gone to trial, the circuit court could not have adopted a better or more equitable basis for the adjustment of the rights of the parties than that presented by the terms of the settle-

ment upon which they themselves agreed; therefore, the attempt of appellant to ignore and repudiate the settlement merited the rebuke administered by the rulings of the court in refusing to allow the amended petition, answer and cross petition to be filed.

A court of equity, in the absence of an allegation and proof of fraud or mistake, will not aid a party to an action to violate an agreed settlement, out of court, of the matter in controversy, which he voluntarily made with the other parties to the action.

It is the policy of the law and duty of the courts, to prevent vexatious litigation involving decedent's estates and to protect such estates from the payment of unnecessary costs, and the circuit court, for this reason, very properly refused to allow appellants to subject the estates of J. C. and Mary J. Petry to the commissions, attorney fee and other costs, which would have resulted from the repudiation by them of the settlement made with appellees. Hall, et al. v. Metcalf, 114 Ky., 886.

The fact that the distributable shares of appellees in the estates of their deceased parents were left after the settlement with the appellant, G. W. Petry, in the hands of A. M. J. Cochran, did not affect the validity of the settlement or make it any the less final. By the settlement the indebtedness of the two estates was fully ascertained and its payment provided for; the amount left for distribution was likewise determined, as well as the share to which each heir was entitled; and the distribution among the heirs directed. Immediately folowing the settlement the appellant, G. W. Petry, was paid his distributable share of the estate, less the small mount retained to meet the attachment of R. W. Nelson, and this was later paid by his direction to McKellup whose appointment as administrator de bonis non he claimed to have procured solely for that purpose. If appellees chose to allow their part of the estates to remain in the hands of Judge Cochran, they had the right to do so; but in leaving it with him they constituted him their agent to safely keep and invest it. In thus placing or leaving it with the agent each knew the amount due her, and whether checks were passed to them by Anna M. Petry, administratrix of the deceased parents, or they executed formal receipts to the administratrix, is not material. The amount due each had been ascertained and agreed upon, and the money received by the agent with knowl-

edge on his part of what sum was due to each of the sisters. If this manner of making a distribution among themselves was satisfactory to appellees, appellants had no cause of complaint, as it was a matter that in no way concerned him.

Being convinced of the correctness of the judgment it is affirmed.