# Wahl v. Lockwood & Gasser.

(Decided December 21, 1928.)

WHEELER & HUGHES for appellant.

J. D. MOCQUOT for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

A. C. Wahl asserted a cross-action against Lockwood & Gasser in a suit begun by the Brown Sheet Metal Works against him. A demurrer was sustained to it. Wahl declined to plead further, his cross-petition was dismissed, and he has appealed.

Wahl contracted with Lockwood & Gasser to erect for him a laundry building in the city of Paducah. Among other things to be done by Lockwood & Gasser under this contract, they were to erect on top of this building a steel framework to serve as support for a 10,000-gallon water tank, the estimated weight of which, when full, was 100,000 pounds. Wahl contends that in the erection of this framework Lockwood & Gasser used steel of smaller size and lesser strength than provided in the specifications, so that, when the tank was placed thereon and filled with water, this foundation sagged and gave other evidences of insufficiency. Thereupon Wahl employed the Brown Sheet Metal Works to remove this steel and to install in

lieu thereof other and stronger steel, and the Brown Sheet Metal Works, having done the work and both Wahl and Lockwood & Gasser refusing to pay for it, sued Wahl for $571.12, which they allege was a reasonable charge for the materials furnished and the work done by them.

In the first paragraph of his answer, Wahl merely denied that he was indebted to the plaintiffs. In the second paragraph he admitted that he was indebted to them in the sum of $102.97, which he alleged he had heretofore offered to pay them, and which the Brown Sheet Metal Works had declined to accept. In the third paragraph of his answer, he set out the making of the contract with Lockwood & Gasser, that they had failed to construct the foundation for this tank in accordance with the specifications attached to the contract, that the foundation was insufficient, had begun to show signs of weakness, and to threaten to give way, and that thereupon, at the special insistence and request of Lockwood & Gasser, so Wahl says, the Brown Sheet Metal Works was employed and procured to furnish steel of sufficient size and strength to support the tank and to comply with the contract, and that they did so. Wahl alleged in his third paragraph that he did not know whether the charges were reasonable or not, but says he was advised that Lockwood & Gasser would contend they were not so. He alleged that all of the charges made by the Brown Sheet Metal Works were incurred by and on behalf of Lockwood & Gasser, and resulted entirely from their breach of their contract with him, and were made necessary solely by their breach thereof.

In the fourth paragraph of his answer, Wahl alleged that, after this building was completed, he held back and refused to pay to Lockwood & Gasser $500 of the contract price because of the use of these inferior beams in the foundation of this tank, which $500 he alleged was by agreement placed in the City National Bank of Paducah, Ky., to be applied to the satisfaction of the indebtedness of the plaintiff on account of the work on said tank foundation, or paid over to the party entitled to receive it, and that he had called on the bank to apply these funds to the satisfaction of the indebtedness to the Brown Sheet Metal Works, or to pay them to him that he might so apply them. Wahl in a fifth and sixth paragraph of his answer, set out other matters in dispute between him and Lockwood & Gasser, and Wahl prayed that the plaintiff's action be dismissed, and that Wahl's answer be made a

cross-petition against the bank and against Lockwood & Gasser. The City National Bank, pleading to this answer and cross-petition, asked the court to direct it as to the disposition of the $500 in its hands, which the court declined to do. Lockwood & Gasser demurred to paragraphs 3, 4, 5, and 6 of this answer and cross-petition. The court sustained that demurrer and dismissed Wahl's cross-petition. The issue between the Brown Sheet Metal Works and Wahl was then tried out, and no appeal has been prosecuted from the judgment obtained by the Brown Sheet Metal Works; but Wahl has appealed from the judgment of the court dismissing his answer and cross-petition against Lockwood & Gasser.

The object of all trials is to discover the truth and to establish justice. In our efforts to do these things, we have adopted a Code of Practice. That Code recognizes a man's right to have his case heard and determined, if possible, without its being confused and commingled with any cause of action that another may have. The Brown Sheet Metal Works had that right in this case, but the defendant, Wahl, wished to try the controversy between him and Lockwood & Gasser at the same time that the controversy between him and the Brown Sheet Metal Works was tried. By section 96, subsection 3, of our Civil Code, there is a provision made for such; but, in recognition of the rights of a litigant to have his cause of action tried without its being confused with another, the Code provides that a defendant cannot file a cross-petition, except under two circumstances, which are: (a) When the cause of action asserted in such cross-petition affects the original cause of action; or (b) when the cause of action asserted in such cross-petition is affected by the original cause of action. Here is the plaintiff's petition, asserting its cause of action:

"The plaintiffs state the defendant is indebted to them in the sum of $517.12 for material furnished and work done for defendant, at his special instance and request, for which he agreed to pay a reasonable compensation; that such account is shown by an itemized statement filed herewith; and that the charges therein are reasonable, no part of which has ever been paid, the demand for same having been made and refused. Wherefore the plaintiffs pray,'' etc.

This stated a good cause of action in favor of the Brown Sheet Metal Works and against Wahl. In the

claim of $517.12 so asserted, there are items, aggregating $102.97, which Wahl admits is for work and materials that are in no wise connected with his claim against Lockwood & Gasser. This $102.97 he probably paid to the Brown Sheet Metal Works before the trial, though the record does not show that; but on the trial nothing was said about it, no evidence was offered about those items, and the court instructed the jury peremptorily to return a verdict against Wahl for the balance of $468.15, which was done. This $468.15 is the basis of Wahl's contention that the court erred in sustaining the demurrer to paragraphs 3, 4, 5, and 6 of his answer, which he sought to make a cross-petition against Lockwood & Gasser. Wahl admits the Brown Sheet Metal Works furnished the material and did the work on his building set out in the items that made up this $468.15; hence he will have to pay them the reasonable value of those items, and that obligation of his cannot be affected by any claim he has against Lockwood & Gasser. Indeed, so far as their claim is concerned Wahl must pay the Brown Sheet Metal Works, regardless of what may be the outcome of the claim he sought to enforce against Lockwood & Gasser.

So it is clear that Wahl's claim against Lockwood & Gasser does not affect the claim of the Brown Sheet Metal Works against him, and that leaves for our determination the other question: "Does this $468.15 claim of the Brown Sheet Metal Works against Wahl affect the claim of Wahl against Lockwood & Gasser?" To help us understand the situation, we think it best to state here just what items composed the claim for which Wahl was seeking to assert a cross-action against Lockwood & Gasser. His claim consists of four items:

1. Work done by Brown Sheet Metal Works .......................................... $468.15
2. Cost of removing tree ........................... 7.50
3. Cost of removing foundation of old building .......................................... 86.70
4. Failure to construct building as contracted .......................................... 1,500.00

Total .......................................... $2,062.35

As to the last three items, no one would have the temerity to say that they are in any wise connected with, or could in any way be affected, by the claim of the Brown Sheet Metal Works against Wahl. So, eliminating them, and considering the question just as though the only

claim that Wahl was asserting against Lockwood & Gasser was his claim for $468.15, which he had paid the Brown Sheet Metal Works, we will now discuss his right to make this cross-action as though that were the only item in his claim.

In our study of this question, we have examined a number of Kentucky opinions, some written before the adoption of the Code, and some written after its adoption. Before the adoption of the Code, cross-petitions, styled by various names, sometimes called cross-bills, and other times cross-complaints or cross-petitions, were allowed in the following caes: Waller et al. v. Logan's Heirs, 44 Ky. (5 B. Mon.) 515; Wickliffe v. Clay, 31 Ky. (1 Dana) 585; Daniel v. Morrison's Ex'r, 36 Ky. (6 Dana) 182. Such pleadings were not allowed in the case of May v. Armstrong, 26 Ky. (3 J. J. Marsh.) 260, 20 Am. Dec. 137.

A study of these cases indicates that such a pleading was then held permissible when the matter set up in such cross-petition was germane to the matter in the original petition; that is, that it was such, and such only, as it was necessary for the court to have before it in deciding the questions raised in the original action, to enable it to do full and complete justice to all parties before it in respect to the cause of action asserted by the plaintiff. Whenever the cross-petition went beyond this, and sought to introduce new and distinct matter not essential to the proper determination of the matter put in litigation by the original petition, the cross-petition was not allowed. In other words, to be permissible, the matter set up in the cross-petition must affect the subject-matter of the original petition. When our Code was first adopted, no provision was made for filing a cross-petition, and in the case of Sanders v. Sanders, 56 Ky. (17 B. Mon.) 11, the court reversed a judgment that had been rendered upon a cross-petition, because such a pleading was not authorized by the Code.

By an act approved December 16, 1857, the Code was amended as follows: "When a defendant has a cause of action against a codefendant or a person not a party to the action and affecting the subject-matter of the action, he may make his answer a cross-petition against the codefendant or other person." That is practically the same as the provision of subsection 3 of section 96 of the present Civil Code, and we have examined a number of opinions that have been written in cases arising since the adoption of the Code, and we find that cross-petitions

have been permitted in the following cases: Edwards v. Grimes Bros., 66 S. W. 515, 23 Ky. Law Rep. 2055; Brackett's Adm'r v. Boreing, 89 S. W. 496, 28 Ky. Law Rep. 386; Loughridge v. Cawood, 97 Ky. 533, 31 S. W. 125, 17 Ky. Law Rep. 364; Oliver et al. v. Sutton, 102 Ky. 334, 43 S. W. 475, 19 Ky. Law Rep. 1368; Terry et al. v. Swinford, 41 S. W. 553, 19 Ky. Law Rep. 712; Smith v. Allen, 108 Ky. 368, 56 S. W. 530, 21 Ky. Law Rep. 1811; Taylor & Crate v. Forester, 148 Ky. 201, 146 S. W. 428; Young's Adm'r v. Overton, 2 Ky. Op. 454. In the following cases cross-petitions were not permitted: Day v. Amburgey, 147 Ky. 123, 143 S. W. 1033; Royse v. Reynolds, 73 Ky. (10 Bush) 286; Wells v. Boyd, 62 Ky. (1 Duv.) 367; Mattingly v. Eversole (Ky.) 113 S. W. 447; Crabtree et al v. Banks' Adm'r. 58 Ky. (1 Metc.) 482; Damron v. Sowards et al., 203 Ky. 211, 261 S. W. 1093. A careful study of these cases will indicate that the line of distinction between them is drawn at the same place that it was drawn before the Code was adopted; that is, does the cross-petition affect the subject-matter of the litigation as asserted by the plaintiff in the original petition? We are compelled to say that in this case it does not.

There are some cases that it is rather difficult to assign to either of these classes. In fact, they appear rather to be in a class to themselves. For example, there is the case of Dine v. Donnelly, 134 Ky. 776, 121 S. W. 685. In that case a Mrs. Hatch sued the sureties of a sheriff for wrongful seizure of her property. These sureties filed a cross-petition against Dine, who was the surety upon the indemnifying bond which the sheriff had required before seizing the property, and they were permitted to proceed in that way, but not until after the claim of Mrs. Hatch had been reduced to judgment and had been satisfied, and, of course, with her claim thus disposed of, her rights were not affected by the action of the sureties asserted by cross-petition against Dine.

The case of Petry v. Petry, 142 Ky. 564, 134 S. W. 922, seems to fall in this same class, and in the case of Fritts v. Kirchdorfer, 136 Ky. 643, 124 S. W. 882, the German bank had sued a certain auto company and Fritts and Kirchdorfer, its sureties. Fritts interposed various defenses. While these defenses were being disposed of, a judgment had gone against Kirchdorfer and he had paid it. Kirchdorfer, by leave of court, filed a cross-petition against Fritts to compel him, as a cosurety, to

contribute. Fritts then filed an answer to this, which he sought to make a cross-petition against Ward, who had bought Fritts' stock in the auto company, and who had assumed and undertaken to pay Fritts' liability by reason of his ownership of the stock, as well as by reason of his suretyship on the paper of the auto company. The court declined to permit Fritts' cross-petition to be filed.

The superior court in the case of Buckler v. Reese, according to the abstract as published in 14 Ky. Law Rep. 80, said concerning a cross-petition: "It is primarily essential to this pleading that it should be confined to the subject-matter of the petition."

In the case before us, the Brown Sheet Metal Works had sued Wahl, and it was seeking a judgment against him for $468.15. That claim is one of the items which Wahl sought in his cross-petition to assert against Lockwood & Gasser; but the only connection which the claim asserted against Wahl by the original petition has with the claim Wahl is undertaking to assert against Lockwood & Gasser in his cross-petition is that the evidence will be very much the same, and in the case of M. Livingston & Co. v. Philley et al., 155 Ky. 224, 159 S. W. 665, there was exactly that situation. In that case, Mrs. Philley sued the city of Paducah and M. Livingston & Co. for injuries she had received. Livingston & Co. sought by cross-petition to recover a judgment against the city for any amount that it might be held liable for to Mrs. Philley, and the cross-petition in that case we held was not permissible. This Livingston case cannot be distinguished from the case we have before us. In each instance, the evidence that would be heard upon the trial of the cause of action asserted in the petition was practically the same evidence that would be heard upon the trial of the cause of action asserted in the cross-petition; yet the cross-petition was not allowed in the Livingston case, which shows clearly that the same evidence is not sufficient to render a cross-petition permissible.

Another case of this same kind is City of Georgetown v. Groff, 136 Ky. 662, 124 S. W. 888, in which Mrs. Groff had sued the city of Georgetown for injuries. The city of Georgetown sought to make its answer a cross-action against James P. Donovan and Mrs. Mary C. Cantrill, but it was not permitted to do so, and yet we are quite sure that in that case the evidence that would be heard upon the cause of action asserted in the petition was practically the same as the evidence that would be heard upon the cause of action asserted in the cross-

action. The same is true of the cross-petition sought to be asserted in the case of Kreate v. Miller, recently decided by this court. See 226 Ky. 444, 11 S. W. (2d) 99.

It is argued that this cross-petition was not demurrable, and that the proper procedure would have been to have moved to strike out the paragraphs of Wahl's answer which sought to assert a cross-petition against Lockwood & Gasser. That is true. That would have been the better practice; but we had that identical question before us in the case of Mattingly v. Eversole, 113 S. W. 447, and we said: "The error in failing to resort to the proper practice is not material, as the right conclusion was reached." The same sort of practice was resorted to in the Livingston case and the Georgetown case.

As the only error of which Wahl is complaining here is the error of the court in sustaining a demurrer to his cross-petition, it follows that the judgment must be affirmed.

The whole court sitting.